THOMAS THATCHER v. R. & D. G. MILLS.

It seems that if a party is not satisfied with a charge asked by the adverse party and given by the Court, he should state his objection at the time, and cause the record to show the objection taken.

The drawer of an inland bill of exchange, payable at a certain time after date, becomes immediately responsible, on the non-acceptance thereof by the drawee, so that neither protest, notice, nor suit to first term of the Court is necessary to fix his liability, notwithstanding he may have had funds in the hands of the drawee to meet the draft, and the draft was presented and dishonored before due.

See this case as to questions of setoff and burden of proof, between parties to negotiable instruments.

Appeal from Wharton. Suit by appellees against appellant on the following draft, commenced Sept. 5th, 1852,

$500. Wharton, Texas, January 1st, 1852.

Thirty days after date pay to the order of B. & W. Milburn five hundred dollars. Value received. Which place to account of yours truly. THOS. THATCHER.

To L. J. LATHAM, Houston, Texas.

Endorsed without date, to appellees. The defendant, among other matters pleaded, by way of amendment, on the 1st of April, 1854,

"That the draft sued on, if ever transferred by B. & W. Mil- "burn to plaintiffs in this case, was transferred long after the "same was due, to wit: on the first day of September, 1852; "that this defendant pleads in offset, payment and reconven- "tion, a judgment obtained by the defendant against B. & W. "Milburn on the 21st day of October, 1853, in the District "Court of Wharton County, for the sum of four hundred and "seventy-two dollars and fifty-three cents and interest on the "same, and costs, which said judgment was founded upon a pro- "missory note of the said B. &. W. Milburn, dated 1st day of "January, 1852, for $412 71 and interest, which said offset was "at all times, from its very inception, known to the said R. & "D. G. Mills, and which said judgment is unsatisfied, unre- "versed and unappealed from and no writ of error taken."

There was a bill of exceptions as follows:

"Be it remembered that on the trial of this cause, the de- "fendant introduced as a witness C. S. Betts, who stated that "in the Spring or month of June, 1852, Mr. Milburn, one of the "firm of B. & W. Milburn, to whom the draft sued on was pay- "able, came into the store and asked witness to settle said "draft [There was other testimony in the cause which showed "that Betts attended a store for L. J. Latham at Wharton. "REPS.] that a settlement of accounts with B. & W. Milburn "and W. Milburn, June, 1852, proposed that they would settle "their account with this draft. [So in the transcript. REPS.] "Witness also said he believed he saw said Milburn have said "draft at the time, but could not say positively. The defend- "ant introduced as a witness William Field, who stated that "sometime in February, 1852, after the draft had been returned "to the Milburns, the witness and Milburn had a conversation "about the draft, and witness thinks he saw said draft in the "possession of said Milburn. After this, George Quinan, wit- "ness introduced by the plaintiffs, stated, about the fourth of

"July, 1852, Samuel Mills, the agent of R. &. D. G. Mills, came "to the town of Wharton and received from B. &. W. Milburn "their books, accounts, &c.; Sam. Mills turned over said books, "accounts, &c., and the draft to the witness; the draft was "handed to witness for collection on account of R. & D. G. "Mills. Here the defendant offered to read as evidence, the "judgment and note set forth in his answer and pleaded in "setoff, &c., to the introduction of which and of the evidence of "said witnesses, the plaintiffs by their counsel objected, and "the objection was sustained, and the evidence was not permit-"ted to be read or given to the jury; to which said ruling of "the Court, excluding said evidence, the defendant excepts and "prays," &c.

There was a statement of facts which showed that the draft was received by John Dickson, at Houston, from R. & D. G. Mills for collection, before due, and was by him presented for acceptance on the 25th day of January, 1852; and that Mr. Latham replied that if it had been presented at Wharton, where Mr. Thatcher's account was kept, it would have been paid. The testimony showed that Mr. Latham had a house at Wharton and another at Houston; that Mr. Thatcher did his business with the house at Wharton, and that he had funds there at the time. And Mr. Latham testified that from their previous course of dealing, Mr. Thatcher might reasonably have expected him to accept the draft.

At the request of the plaintiffs the Court charged the jury:

1. That the drawer of a draft or bill of exchange, which is not accepted when presented for acceptance, is immediately liable thereon; and it is not necessary to institute suit against the drawer at the first Term of the Court after presentation and non-acceptance, to fix his liability.

2. That notice to the drawer is not necessary where it is shown he has no funds in the hands of the drawee.

*J. W. Harris,* for appellant. At the trial the Court refused

to permit the judgment to be read in evidence as a setoff, on the ground it had not been sufficiently proven that the draft was transferred after its maturity.

It is submitted that the evidence of the witnesses Field and Betts was sufficient to show that the draft was returned to B. & W. Milburn, and was in their hands after its maturity. Whether it was so returned, &c. is a question of fact which we contend the Court ought not to have determined, but that it should have been submitted for the decision of the jury.

The Court erred in charging the jury in this case, that notice to the drawer is not necessary where it is shown he has no funds in the hands of the drawee. This was calculated to mislead the jury; for we contend that such was not the state of this case. The evidence of the drawee, L. J. Latham, shows that he at the time had funds of the drawer to meet the draft.

*G. Quinan*, for appellees.

LIPSCOMB, J.   This is the same suit that was before us at the last Term. (11 Tex. R. 692.) It was reversed on the ground that the draft upon which the suit was brought, was not in evidence before the Jury, nor was its absence accounted for. That evidence was supplied on the last trial.

The Court, at the request of the plaintiffs' counsel, charged the jury that notice to the drawer is not necessary, when it is shown he has no funds in the hands of the drawee. This charge was not objected to when it was asked and given, and it is too late to raise it now. By the Law Merchant, the charge was wrong; it is however right under our statute. In the Act prescribing the mode of establishing the liabilities of drawers and endorsers of bills of exchange and promissory notes, the third Section provides, "That the drawer of any bill of exchange "which shall not be accepted, when presented for acceptance, "shall be immediately liable for the payment thereof; and the "holder of such bill may secure and fix the liability of any "endorser thereof, by instituting suit against such drawer

" within the time and in the manner prescribed by the first and " second Sections of this Act." (Hart. Dig. Art. 2530.) The charge was wrong in this, that it rested the necessity of notice upon the fact of funds in the hands, or no funds : if there was funds, the drawer was entitled to notice, and if not, no notice was necessary; when, by the statute, the non-acceptance of the draft when presented, gave an immediate right of action against the drawer, as the mere fact (unconnected with anything else) of the non-acceptance, gave the right to sue without notice. So far as it relates to the non-acceptance of the draft, the statute must be regarded as having changed the Law Merchant. Not so, it is believed, if the bill has been accepted. The error of the Court would not have been sufficient to have reversed the judgment, if the charge had been eccepted to ; because there was no controversy but the bill was refused when presented for acceptance ; that was fully proven.

The Court below did not err in the rejection of evidence offered by appellant. It was not admissible under the issues. It related to facts that if true, could not have affected the rights of the holder of the draft. Suppose the draft had been in the hands of the original payee, after he had negotiated it, and acceptance refused, and he had endeavored to procure its payment from the drawer : it could not impair the right of the indorsee, if no compromise nor payment was made. It would be presumed that the object of his possession was to secure the rights of himself and the indorsee to whom it had been indorsed. If an arrangement had been made impairing the rights of the indorsee of the bill, such arrangement would be valid, because the possession of the bill by the first holder would have been regarded as authority to control the matter. Nothing, however was done by the drawee, and in truth the evidence offered of the draft ever having been in the possession of the payee, after he had negotiated it, amounts to nothing.

There was no error in rejecting the evidence of a judgment obtained against the payee, after he had negotiated the draft. It could not be made available as a setoff against the suit of the

indorsee of the bill, *endorsed before that judgment was obtained.*
It could, under no circumstances, have been set off, unless it had
been shown that the original payee was still the real owner of
the draft sued on, and that the suit was for his benefit. The
judgment is affirmed.

Judgment affirmed.