## WILLIAM VAUGHAN v. THE STATE.

A charge, though in some particular obnoxious to criticism, but which taken together could not have misled the jury, is not a ground for reversing a judgment.

Appeal from Houston. Tried below before Hon. J. H. Reagan.

Indictment for an assault with intent to kill, &c.

The portion of the charge relied on as error by the appellant is in the following words : " If Vaughan fought willingly he is a violator of the law, whether he made the first assault or not; that is, if his conduct and language were of an insulting and provoking character, such as is usually employed to excite the passions, or provoke a fight, he is guilty either of an assault with intent to murder, or of an aggravated, or a common assault and battery. One cannot provoke a difficulty and remain guiltless, but is only so when his conduct and expressions show that he in good faith was disposed to avoid a violation of the law, or at least was not an active agent in inducing its violation."

*W. M. Taylor*, for appellant.

*Attorney General*, for the State.

WHEELER, J. The charge of the Court may be obnoxious to criticism in the matter complained of; but having reference to other parts of the charge, and the evidence in the case, especially the use of a deadly weapon when the necessity, (if it had existed,) by which it was sought to be justified, appears

to have ceased ; on the whole, we see no cause to apprehend that the jury were misled by any supposed error in the charge. They were instructed in plain and unmistakable terms, that if the accused acted in his own necessary self defence, or to save himself from an impending assault, he was guiltless. If they had believed it a case of self-defence, they could not, under the charge, have returned the verdict they did. It is therefore evident the supposed error did not mislead them. We are of opinion there is no error in the judgment and it is affirmed.

Judgment affirmed.