Roberts, J.
—The payee of a foreign bill of exchange, accepted, and afterwards protested for non-payment, brought suit against the drawer, after two terms of the District Court had elapsed from the time of the maturity of the bill and protest, for non-payment.
Ho facts are alleged in the petition which excuse the holder from the exercise of diligence in giving the drawer notice of protest, such as want of funds in the hands of the acceptor, or thp like.
*39 To hold the drawer responsible, under such circumstances, it was necessary that the holder should have given the maker due notice of the protest for non-payment, or, if he failed to give such notice, he should have exercised due diligence in the endeavor to give such notice. (Thatcher v. Mills, 14 Tex., 17.) The petition states no such acts of diligence as would excuse the failure to give notice, but that due notice was given.
It was upon the fact that due notipe had been given the drawer, that the plaintiff relied to fix the liability of the drawer.
The court instructed the jury, that if they believed from' the evidence that -“the notary who protested said bill used due diligence to ascertain the place of residence of defendant, and was unable to learn his place of residence, then, in that event, it would not be necessary to prove notice of protest.”
The whole statement of facts is as follows: “The plaintiff gave in evidence the bill of exchange, sued on, and the notarial certificate of the protest and notice, and then "rested; and the defendant proved that he was residing in Hays county, Texas, at the date of said bill of exchange, and that he has resided at San Marcos, Hays county, Texas, ever since.” The notarial certificate not having been made a part of the petition, no particular notarial certificate is here described or identified. It cannot be ascertained, from the statement of facts, that the notarial certificate was such a one as established notice to defendant. Without that, the facts do not sustain the verdict. There is copied in the transcript a notarial certificate purporting to have been filed in the cause, which, if it be the one intended to be referred to, does not establish the fact of notice, so as to bind the defendant.
That shows that the letter containing notice for the defendant was directed to him at Hew Orleans, Louisiana, “ after making diligent search and inquiry for said drawer, *40 especially of Wm. T. Brown, John McGinnis, and D. B. Goodwin, at the post office and St. Charles Hotel, without being able to find the residence of said drawer.”
That was not sufficient diligence. Eor it was shown that defendant resided at the same place, in Texas, from the time of drawing the bill to that of the trial; and the notary does not show that he inquired of the parties to the bill, the acceptors or payee. They or their agents were the persons most likely to know the residence of the drawer. .The notary acts for the holder in giving notice, and it is incumbent upon the holder to see that he is correctly informed as to defendant’s residence, or that he exercises due diligence to find it; and, until that is done, the mailing a notice, directed to the place where the bill was executed, will not be sufficient. (Lowery v. Scott, 24 Wend. R., 358.; Story on Bills, sec. 303; Chitty on Bills, 453.) The persons of whom inquiry was made were strangers to the bill, and no reason is shown why application was not made to the parties to the bill. It is altogether improbable that the acceptor of the bill and the payee were both ignorant of the residence of the drawer. ‘
The interrogatory propounded by the defendant to the plaintiff was intended to show, affirmatively, that dealings had passed between the payee and drawer of a character that the payee must have known the residence of defendant. In that point of view it was pertinent.
Ho notice having been established, nor facts excusing the failure to give it, the verdict in favor of plaintiff cannot be sustained.
Judgment reversed and cause remanded.