JOHN F. COOK v. J. C. WOOTTERS AND OTHERS.

PRACTICE. ERRONEOUS CHARGE NOT A SUFFICIENT GROUND OF REVERSAL—WHEN. A charge in itself erroneous will not, in a civil cause, be sufficient ground for a reversal when no exception is taken or countercharge asked, unless it clearly appear that the jury was misled by the charge given.

APPEAL from Houston.    Tried below before the Hon. L. W. Cooper.

*Nunn & Williams*, for appellant, cited Parsons on Partnership, pp. 357, 358, and note; Watson v. Flannagan, 14 Texas, 354.

*Jackson & Jackson*, also for appellant, cited Story's Eq. Jur., Sections 1229 and 1257.

*W. A. Stewart*, for appellees.

DEVINE, J.   The plaintiff, Cook, alleged in his petition that I. M. E. W. Long and himself formed a partnership in 1865, for the purpose of farming; that Long died in 1866, and plaintiff managed the affairs of the concern until the close of that year, when, after paying a portion of the crop raised on an existing indebtedness, the balance, with the personal property, was divided between himself and Mrs. Josephine Long, the surviving wife of his former partner; that about that time the land belonging to himself and Long's estate was, by agreement of all parties interested, sold to the Laceys, and a draft given by the Laceys on Took & Haden, of Galveston, for two thousand four hundred and sixty-five dollars and twenty-five cents, which plaintiff asserts was to be paid him for the pur

pose of paying the partnership debts; that the remainder of the purchase money was, by consent of plaintiff and Mrs. Long, settled by the execution of a note, by one of the Laceys, payable to Josephine Long for the one half of the purchase money still unpaid, the other Lacey executing a note for the like amount payable to plaintiff. He further charged that he received but one half of the draft for two thousand four hundred and sixty-five dollars and twenty-five cents. Took & Haden being notified on behalf of Mrs. Long not to pay plaintiff more than one half; that they refused to pay him more than one half, and that the other half was paid by them to Mrs. Long or her father; that he has paid out, beyond assets received, one thousand five hundred dollars; that defendants have received from Mrs. Long, and have collected the note executed in her favor by Lacey; that it came into their hands with notice of his claim as surviving partner; that the note or its proceeds constitute partnership assets, and he is entitled to the same. The defendants denied all knowledge of his claim, asserted ownership, and the having paid a valuable consideration to Mrs. Long for the same.

The jury returned a verdict in favor of defendants; and plaintiff's motion for a new trial being overruled, he seeks, on appeal, a reversal, on the following grounds: that " the court " erred in its charge to the jury;" that " the verdict is con-" trary to the law and the evidence;" that " the court erred in " refusing a new trial," and that " the judgment is erroneous in " taking the partnership property from the surviving partner, " when the same was required to pay off partnership liabilities."

The first assignment, that the court erred in charge to the jury, is so vague and pointless that it gives no intimation what part of the lengthy charge of the court is complained of, and, under the twenty-second rule of this court, might be disregarded for its failure to comply with the rule. The original and supplemental briefs for appellant urge the objection to that portion of the charge to the jury in which the inquiry is presented as to the purchase by defendants, for a valuable con-

sid.ration, of the note before its maturity, or after it became due, without notice of any claim upon it as the property of another, other than the person trading the note, and directing the jury, in either case, to find for the defendants. This charge was erroneous, inasmuch as it made the naked fact of a purchase of the note before it fell due a valid purchase, independent of any notice or information which defendants might have, of plaintiff's claim to control and collect it as the surviving part- ner. The plaintiff was, however, satisfied with the charge as given, until the jury returned a verdict for the defendant. No exception was taken, no counter-instruction asked on behalf of appellant. It need scarcely be remarked, that a charge, in itself erroneous, will not, in a civil cause, be sufficient ground for a reversal, when no exception is taken or counter-charge asked, unless it clearly appear that the jury was misled by the charge given and complained of. (Mercer *v.* Hall, 2 Texas, 285; Hassell *v.* Nutt, 14 Texas, 266; Hollingsworth *v.* Holshousen, 17 Texas, 47; Hubby *v.* Stokes, 22 Texas, 217; Vaughan *v.* The State, 21 Texas, 752; Thatcher *v.* Mills, 14 Texas, 17.)

We are of opinion that the charge given in the case did not injuriously affect the rights of plaintiff. The only witness for plaintiff was himself; he states, after the claim of Mrs. Long to one-half of the draft on Galveston, about the middle of January, 1867, he went immediately to Wootters, who was at that time a creditor of the former partnership of Long and plaintiff, and told him that his agreement to settle the debts he should not consider binding, as the other side was not com- plying with the contract, and directed him to a point on the river where he could find some cotton belonging to the con- cern; plaintiff stated that defendant Wootters was, witness thinks, present when the settlement with Mrs. Long was being made, and knew of the whole matter as one of the creditors; that witness had refused to pay more than one-half the in- debtedness, but had paid out about one thousand two hundred dollars more than the assets that had come to his hands. This

embraced all the material evidence for the plaintiff. The defendant Wootters stated, that in May, 1867, the father of Mrs. Long having trouble with "the Bureau," obtained a loan of money from a merchant (Haden); that Haden being about to dispose of the note left with him as a collateral, he agreed, on Mrs. Long consenting to trade him the note, to pay Haden his debt, and advance on the note to the extent of fifty cents on the dollar, at its full value, and thereby become the owner of the note as his absolute property; that witness traded for the note in September, 1867, and stated " when I got it, I did not " know of any one having a claim to it; did not know plaintiff " in the transaction."

It was shown by the witness Bruton, the father of Mrs. Long, that the property was divided, and a settlement made between his daughter and plaintiff; he further stated, that his daughter paid one-half of the debts; mentioned, however, only one debt of seventy-five dollars ; that Haden was about to use or dispose of the note when the defendant Wootters traded for it ; stated, that with the half of the two thousand four hundred and sixty-five dollars and twenty-five cents, Galveston draft, he paid Long's debts. The amount of the note in controversy (deducting amount paid for it), was admitted to be shown, on defendant's books, as three hundred and five dollars. In all this evidence there is nothing in plaintiff's statement, or elsewhere, contradicting the statement of Wootters, that he traded for the note in good faith, and ignorant of any claim to it by plaintiff. There is nothing in the evidence showing, or tending to show, that the plaintiff gave notice to defendant, or any other person, that he claimed any right, as surviving partner, or in any other way asserted any interest in the note, made payable to Josephine Long, or bearer, until the bringing of this suit over five years after Mrs. Long had denied his right to receive the whole amount of the Galveston draft, and had herself received the half of it.

If it be true as argued in the briefs of appellant, that Mrs. Long has an interest in, or is entitled to receive the three hundred

and five dollars remaining, and which defendants claim,.or if, as claimed, Mrs. Long is entitled to receive and liable to account for it as holding it in trust for plaintiff, he should have made her a party defendant in the court below; and shown by a statement of his accounts, as surviving partner, when and to whom he paid the debts referred to in general terms in his petition, and stated in as indefinite terms in his evidence on the trial.   The facts, however, show clearly that Mrs. Long has neither a legal claim nor an equitable interest in the note, or its proceeds; the facts are equally clear that defendant, Wootters, had no information or notice of any kind that·plaintiff claimed the note as surviving partner of Long; Lacey, who executed and subsequently paid the note, testified as a witness on the trial, his evidence is silent as to plaintiff ever requesting him not to pay the note to any person but himself.   There was nothing in the manner in which defendant obtained the note to cast suspicion on the transaction.   The note had been deposited as a collateral security with Haden in May; Haden, being pressed for money, was about to sacrifice or dispose of it, when defendant traded for it in September; it was not due until December following.   The jury could not have, under the facts, rendered a different verdict; there was no error in refusing a new trial and the evidence shows plaintiff as having no legal claim to the property in dispute.

Affirmed.