Opinion by
Will-son, J.
§ 133. Evidence; exclusion of admissible, not ground for reversal, when. The exclusion of admissible evidence is not ground for reversing the judgment, -when such evidence has been fully supplied on the trial by other evidence, so that it appears no injury could reasonably have resulted to the party who offered it by its exclusion. [WJ & W. Oon. Rep. § 1297.]
§ 134. Damages; measure of, in wrongful issuance of an attachment; actual; injury to credit is not actual. Where goods have been levied upon and sold under an attachment wrongfully issped, a just and fair measure of damage for the owner of the goods is the difference between the fair market value of the same at the time of the levy and the amount that -was realized upon their sale. [Drake on Attach. § 178.] In this case the defendant, by his plea in reconvention, claimed only actual damages. The court instructed the jury that, in estimating said damages, they might consider injury done to defendant’s credit. Held, error. Actual damages must be the natural, proximate result or consequence of the wrongful act. Remote or speculative damages, resulting from injuries to credit, business, character or feelings, cannot be recovered. [Drake on Attach. § 175; Field on Dam. § 559.] In'this state it is settled that injury to credit is not to be considered in estimating actual damages, but can only be considered in estimating exemplary damages. [Wallace v. Finberg, 46 Tex. 47; W. & W. *128 Con. Rep. § 1216.] Darcy v. Turner, 46 Tex. 30, doos not conflict with this view. The question was not raised, discussed or determined in that case. It only decided that in that case the evidence did not support that item of damages.
March 12, 1884.
§ 135. Charge; erroneous, need not he excepted to. It is well settled by decisions prior to the Revised Statutes that an erroneous charge will not, in a civil case, be sufficient ground for reversal, when no exception is taken to it, nor additional nor counter charges asked, unless it clearly appears that the jury were misled by the charge given and complained of. [W. & W. Con. Rep. §§ 413, 626, 710; Mills v. Ash, 16 Tex. 304; Cook v. Wooters, 42 Tex. 294.] But by article 1318 of the Revised Statutes, charges given by the court are to be regarded as excepted to, without the necessity of taking any bill of exceptions thereto. Were it not for this provision of the statute we would be inclined to hold that the erroneous charge alluded to should not reverse the judgment, because it does not clearly appear, from a consideration of the evidence, that the jury were misled thereby. But as, under the statute, the charge must b^ treated as excepted to, and as it had a direct bearing upon the issue of damages, and might have influenced the verdict of the jury, we cannot do otherwise than set aside the judgment because of the error.
Reversed and remanded.