## WALLIS, LANDIS & CO vs. H. H. C. EICHELBERGER.

COURT OF APPEALS, GALVESTON TERM, 1884.

*Objection* that the court erred in the exclusion of certain testimony is not tenable when it appears that such evidence was supplied from another source.

*As to the* proper measure of damages for the wrongful levy of an execution upon merchandise, and the subsequent sale therrof, see Drake on Attachments, Sec. 178.

*Actual damages* are not recoverable for injury to credit. Hence a charge authorizing such damages was error, but not being excepted to, was not revisable under the law as it existed prior to the revision of the codes. But by provision of article 1318 of the revised statutes, charges given in civil cases will be considered excepted to whether or not bills were reserved.

Appeal from Houston County.

Opinion by Willson, J.

Appellants sued appellee in the county court to recover a balance due upon an account for merchandise, the amount of such balance being $304.78. At the time of instituting their suit, appellants obtained an attachment against the property of appellee which was levied upon his stock of merchandise, the value of which at the time of said levy is variously estimated by different testimony at from $500 to 314.21. This merchandise was afterwards sold under said levy by order of the court, at public sale for cash, and brought the sum of $285. The attachment was obtained upon the ground that appellee was about to dispose of his property for the purpose of defrauding his creditors. Appellee answered in the suit admitting his indebtedness to appellants as claimed in their petition, and pleaded in reconvention, alleging that the attachment had been wrongfully sued out, that it was not a fact, as stated in the affidavit for attachment, that he was about to dispose of his property for the purpose of defrauding his creditors, and claiming damages by reason of the said wrongful issuance and levy of the writ, as follows :

Rent of store house 30 days .............................$ 25.00
Loss of time............................................ 100.00
Deterioration in value of goods, &c...................... 600.00
Loss of credit as a merchant............................ 150.00
License tax made useless................................. 75.00
Use of merchandise ...................................... 50.00

No exceptions were taken to the answer, and a trial was had upon the merits of the case before a jury, resulting in the following ver-

dict: "We, the jury, find for the plaintiffs, Wallis, Landis & Co., the sum of ($313.64) three hundred and thirteen dollars and sixty-four cents principal and interest, and we further find that the attachment was wrongfully sued out; also find for defendant, H. H. C. Eichelberger, actual damages, the sum of ($215) two hundred and fifteen dollars." Upon this verdict the court rendered a judgment in due form in accordance therewith.

1.   Appellants, upon the trial, offered in evidence a certain written agreement or memoranda signed by the appellee, stating the terms, conditions, &c., upon which he purchased the merchandise of them.   Without determining whether or not this testimony was admissible, it is sufficient to say that it was fully supplied on the trial by other evidence to such an extent that no injury could have resulted to apppellants by its rejection, and therefore, even if it were conceded to be admissable, its rejection would not in such case be reversible error.   Pierrepont & Tuttle vs. H. Sasse et al, W. & W. Con. Rep. § 1279.

II.   Several objections are urged to the charge of the court in the assignment of errors, and brief of counsel for appellants.   We will notice but one of these objections.   In instructing the jury upon the measure of damages the learned judge says: "In estimating damages you will consider the difference between the cash market value of the goods seized, and the price they brought under a forced sale under the writ of attachment; also the damages which the proof may show that the defendant sustained to his credit by reason of the suing out of said attachment; also the loss of the use of his license."   As to that portion of the above quoted charge which relates to the measure of damages done the goods, while not actually correct, it is perhaps substantially sufficient.   If the goods, between the the levy upon and sale thereof, had depreciated in value, appellee was entitled to recover such depreciation, and the difference between the fair market-value of the goods at the time of the levy and the amount that was realized upon their sale would, it seems to us, be a just and fair measure of appellee's damages with respect to the goods.   Drake on Attachment, § 178.

But we think the learned judge erred in instructing the jury that they might consider the damage done to appellee's credit.   Only *actual* damages are claimed in the plea in reconvention, and unless

injury to credit comes within the meaning of *actual* damages, the plea of appellee would not authorize its consideration.

"What is this actual damage? On general principle it must be the natural, proximate, legal result or consequence of the wrongful act. Remote or speculative damages, resulting from injuries to credit, business, character, or feelings, cannot be recovered." Drake on Attachment, § 175; Field on Damages § 559. In addition to the authorities just cited, we think our courts have settled the rule in this state, that injury to credit is not to be considered in estimating *actual* damages, but can only be considered in estimating exemplary damages. Wallace vs. Frieberg, 46 Tex.,47; Schwartz vs. Burton, W. & W. Con. Rep. 1216. In the last cited case it is said : "Loss or injury to credit is not the natural, proximate, legal consequence of wrongful suing out the writ, and cannot be recovered as actual damages." Counsel for appellee contends that the case of Darcey vs. Turner, 46 Texas, 30, holds that injury to credit is actual damages. It will be found, upon a careful examination of that case, that the question was not raised, discussed or determined. All that was determined in that case with reference to the subject was, that the evidence did not support that item of damages.

We do not regard that case as conflicting with the other cases and authorities we have cited.

But does this error in the charge require a reversal of the judgment ?

No exceptions were taken the to charge by the appellants, and they requested no additional charges. Objections to the charge are made for the first time in appellants' motion for a new trial.

It is well settled by decisions prior to the revised statutes, that an erroneous charge will not, in a civil case, be sufficient ground for reversal when no exception is taken to it, nor additional instructions, nor counter charges are asked, unless it clearly appears that the jury were misled by the charge given and complained of. Wisson vs. Baird, W. W. Con. Rep. § 710; Hab vs. Johnson & Co., Id. § 626; R. R. Co. vs. Morse, Id. § 413; Mills vs. Ash, 16 Tex., 304; Cook vs. Wooters, 42 Tex., 294.

But by article 1318 of the revised statutes charges given by the court in civil cases are to be regarded as excepted to without the necessity of taking any bill of exceptions thereto.

Were it not for this provision of the statute we would be inclined

to hold that the erroneous charge alluded to did not constitute reversible error, because it does not clearly appear from a consideration of the evidence that the jury were misled thereby.

But, as under the law, we must treat the charge as excepted to, and as it had a direct bearing upon the issue of damages, and might have influenced the verdict of the jury, we connot do otherwise than set aside the judgment because of the error.

In other respects than that above mentioned we think the charge of the court was not materially erroneous.

Upon another trial, by reference to the authorities we have cited, the learned judge will be able to instruct the jury more accurately and fully as to the correct measure of damages for the case.

The judgment is reversed and is remanded for a new trial.