# C. H. CHEVERAL v. F. BOWMAN.

COURT OF APPEALS, GALVESTON TERM, 1884.

*While it may* be regarded as settled that the doctrine of *caveat emptor* applies to sales by administrators, it can only be held to apply so far as to effect a purchaser at an administrator's sale with notice of everything that he could have ascertained by the use of ordinary diligence. See this case in illustration.

*A charge* of the court, in itself erroneous, will not, in a civil case, be sufficient ground for reversal when no exception is taken, or additional instructions, or counter charge asked, unless it clearly appears that the jury was misled.

Appeal from Harris County.

Opinion by White, P. J.

Appellant sued appellee for fifty cords of wood, of value of $4 per cord, in justice's court, Harris county, precinct number two, and as owner thereof and entitled to possession of same, sequestered the wood under statutory affidavit and bond. The justice of precinct number two, being disqualified, the cause was transferred to precinct number one. On 29th January, 1883, the cause was heard, and it was adjudged that appellant herein take nothing, and appellee go hence discharged, and recover of plaintiff all costs.

The cause was, by appellant herein, appealed to county court of Harris county, and on 29th of May, 1883, was tried *de novo* in county court and a verdict was found by the jury in favor of defendant below, appellee herein, for $162, value of forty and one-half cords of wood, at $4 per cord, and judgment entered thereon that defendant below, the said appellee, "is entitled to recover his judgment against said plaintiff, C. H. Cheveral, for the property described in the petition," and it was so ordered and adjudged, and that writ of possession issue for same, then in possession of the constable, neither party having replevied, and all costs of both courts adjudged against appellant, and the sureties on his appeal bond. Motion for new trial was overruled and cause brought up by appeal.

The property in question was bought and paid for by Peter Garrity, deceased, in March, 1882; it remained in his possession until his death which occurred in June, 1882, during which time he disposed of a part of the property. From the date of Garrity's death until the qualification of W. H. H. Crank as administrator, the property lay at Dolen's Landing, on Buffalo Bayou, and was cared for by Dolen

as a part of Garrity's estate; it was delivered to the administrator as the property of the estate, and by him sold as such, under the order of the probate court, and purchased by appellee after due inquiry as to the title of Garrity, made at the town of Lynchburg, where both Garrity and appellant lived. Crank, administrator, testified that appellant came to his office before the sale of the wood and told him that he, Cheveral, had a claim against Garrity's estate for money advanced for funeral expenses and tools, but did not mention anything about the wood, or that he had any claim against the wood, and that appellant knew that he was administrator of Garrity's estate and knew that he was claiming this wood as part of said estate, and that under the order of the probate court he sold said wood to appellee and received the purchase money therefor.

At the time of Garrity's death, he appears to have had both the legal title and the possession of the property, and his administrator so received and treated it as part of his estate. Before the sale, appellant, who became the purchaser, made all the necessary inquiries from those most likely to know, with regard to the title.

Appellant insists that the rule of *caveat emptor* should apply in this case. In Levy v. Berry, it was said by our Supreme Court :

"It is true that the doctrine of *caveat emptor* is said to apply to sales by administrators. But the doctrine can only apply so far as to effect a purchaser at an administrator's sale with notice of every thing that he could have ascertained by the use of ordinary diligence." 22 Texas, 371.

Here we have a case where appellant is seeking to maintain, not an open and notorious title and possession, or either of these, but on the contrary, a title dependant alone upon the establishment of a secret trust. We can scarcely imagine that appellee would have been able by any greater amount of ordinary inquiry and diligence under the facts exhibited, to have ascertained the existence of appellant's claim to the property.

The only issue in the case was one of fact, and we cannot see how the jury could have been misled as to that fact by the charge of the court, even admitting, for the sake of argument, that the charge was not as full as it might have been. "A charge, in itself erroneous, will not, in a civil case, be sufficient ground for reversal when no exception is taken or additional instruction or counter charge asked, unless it clearly appears that the jury were misled by the charge

given and complained of. (Cook v. Wooters, 42 Texas, 294; Texas Court of Appeals, civil cases, § 710.

We see no reversible error in the record, and the judgment is affirmed. Affirmed.