## GEORGE R. REEVES v. JOHN H. MILLER.

The plaintiff sued the defendant, and alleged in his petition that he, as deputy asssessor and collector, took the scholastic census of Grayson county for the year 1854, and deposited the same in the county clerk's office; that afterwards, and before he had an opportunity to make report of said census, the defendant went into said clerk's office and made report of it to the comptroller of the State, and in the year 1860 received from the State the compensation allowed by law; that such compensation was due to petitioner, by whom alone the services were performed; that therefore the money so received by the defendant was held by him in trust for petitioner, who prayed judgment for the same: *Held*, that the petition presents no cause of action, and the general demurrer taken to it should have been sustained; that the compensation allowed by law accrued to the principal assessor and collector, and not to the plaintiff, his deputy, and the plaintiff's compensation was matter of contract between him and his principal, and should have been averred in the petition; that the petition is further defective in not averring a complete performance of the duty as prescribed by law, which required the census report to be made to the State treasurer within a limited time, on failure wherein no compensation was allowable to the assessor and collector; that the legal inference from the allegations of the petition is, that a failure in this respect had occurred, and that in consequence thereof the county court had, as empowered by law, appointed the defendant to complete the return of the census, in which case, although the defendant might have been overpaid by the State for the trivial service of simply transmiting the report to the seat of government, yet the petition shows no right in the plaintiff to recover by reason thereof. And, finally, if the defendant, having been so appointed by the county court, had availed himself of the plaintiff's labor, and had thereby become expressly or impliedly bound to plaintiff for its reasonable value, yet this action is not so brought that it can be treated as a suit for such reasonable value.

APPEAL from Grayson. The case was tried before Hon. R. L. WADDILL, one of the district judges.

Suit by the appellee against the appellant. The amount in controversy was $145, being the sum received by the defendant from the State. The substance of the petition is fully embraced in the syllabus. The general demurrer filed by the defendant was overruled, which is the error assigned.

*Hancock & West*, for the appellant.

*C. L. Robards* and *J. B. Morris*, for the appellee.

MOORE, C. J.—The defendant's demurrer to the plaintiff's petition should have been sustained. The allegations of the petition manifestly do not show that the plaintiff was either legally or equitably entitled to the money received by the defendant from the comptroller, and there is therefore no legal presumption that it was received for the plaintiff's use, nor on any implied promise on the part of the defendant to pay him the amount so received.

The money received by the defendant is alleged to have been due from the State for making out the scholastic census of Grayson county. This duty devolved by law upon Slack, the assessor and collector, and not upon the plaintiff. If the duty were in fact performed by the plaintiff, his acts as a deputy inure to the benefit of his principal, and compensation for the service would have been due from the State to him, and not to the plaintiff. The law fixed the compensation to which the assessor was entitled for the discharge of the duty imposed upon him. But the recompense to be made to his deputy, by whose aid he may have performed such duty, was a matter of contract between themselves. If, by agreement with the assessor, the plaintiff was to have received the amount to be paid by the State for making out the census as a compensation for his services in discharging the duty, this fact must have been averred before he could set up any claim to the money received by the defendant in his own name.

The petition is also defective in failing to aver a complete performance of the duty imposed upon the assessor, in respect to the making out and returning of the scholastic census. In fact, the allegations of the petition negative

the legal right of either the plaintiff or his principal to any compensation from the State on account of such census. The law fixes the time within which the report of the scholastic census of his county must be made by the assessor to the treasurer of the State; and, unless the return be made within the time prescribed by the statute, it is expressly enacted that he shall not be entitled to compensation for his services.

If the list were made and deposited in the office of the clerk of the county court within due time, unless it were also reported to the treasurer, the assessor could have demanded no compensation from the State for the labor performed by him. And in such case it is made the duty of the county court to appoint some suitable person to perform the duty which the assessor had neglected to discharge. The probable inference, from the allegations of the petition, is, that this was the fact in the present case. If so, and the only service which was rendered by the defendant was to transmit to the capital the list which had been deposited by the plaintiff in the office of the clerk of the county court, the comptroller might probably have declined to pay him for this comparatively trivial service the full amount of compensation intended by the law as a remuneration for making out and returning the census. But if this is conceded, it in no way affects the plaintiff. He cannot complain if the defendant has received more than the State should have paid him. And even if the defendant was appointed to perform the entire labor in making the scholastic census required of the assessor, and in doing so availed himself of labor performed by the plaintiff, and thereby either expressly or impliedly became bound to pay the plaintiff the reasonable value of such labor, this action cannot be treated as a suit for its recovery. On the facts presented in the petition, the plaintiff seeks to recover from the defendant money to which, if

wrongfully received by him, it is not shown that the assessor, much less the plaintiff, as his deputy, has any right.

The judgment is reversed, and the cause

REMANDED.