DETERMINED IN THE

# COURT OF APPEALS

OF THE

## STATE OF NEW YORK,

### AT THE JUNE TERM, A. D. 1869.

---

ABRAM M. BENTON, Respondent, *v.* STANLEY MARTIN, Appellant.

A sight draft on New York, drawn in Olean, post-dated the 10th of July, 1857, and purchased at the latter place by the plaintiff from the defendant, the drawer, before any valid presentment for payment, was lost. The defendant knowing of the loss, subsequently, on the 10th of August, on the application of the plaintiff, drew another paper precisely in the same words, and of the same date, wrote across it the word "duplicate," and delivered it to the plaintiff; which latter paper was presented to the drawees on the 14th of August and payment refused, the drawees having failed the previous day. Notice of non-payment was given to the defendant.

In an action by the plaintiff against the defendant as drawer,—*Held*, per HUNT, Ch. J., GROVER, LOTT, JAMES, and DANIELS, JJ.; *contra*, WOODRUFF, and MASON, JJ., that the true construction of the word "duplicate," written across the draft in suit, in view of the extrinsic facts, imported that it was made as a substitute for, and to take the place of the original, and that no new liability of the defendant was created thereby. The defendant having been discharged from liability upon the original by laches as to presentment, the plaintiff could not recover upon the duplicate.

ON the first day of July, 1857, the plaintiff bought a draft of the defendant, who was a banker at Olean, N. Y., drawn

HAND — VOL. I.     44

by the latter on Griggs & Lathrop, 35 Wall street, New York, payable at sight to the order of the plaintiff for $2,026.83, and post-dated to July 10th, 1857. On the same day that he pro cured the draft, he indorsed the same to the Exchange Bank at Hartford, Conn., and sent it to that bank to pay his note held by them. The Exchange Bank received the draft, and sent the same, properly endorsed, to the Metropolitan Bank, New York, and the same was presented by the Metropolitan Bank, on the 7th of July, to the drawees for payment, and payment was refused, on the ground that the same was not due, and the draft thereupon was protested for non-payment. The draft was not again presented for payment, but was returned to the bank at Hartford, and some time prior to the 10th day of August, 1857, was lost. On the 10th day of August, one Morris, at the instance of the plaintiff, and on his behalf, obtained from the defendant a second draft, precisely like the first, except that the word " duplicate " was written across the face of the second draft.

This draft was endorsed by the plaintiff to the Exchange Bank of Hartford, transmitted to that bank, and presented for payment on the 14th of August, 1857. Payment was refused, the drawees having failed the day before presentment, and the draft was thereupon duly protested, and notice thereof given to the defendant.

This protested draft was returned by the Hartford bank to the plaintiff.

The case shows the drawees had funds of defendant in their hands to pay the first draft.

Upon this state of facts this court held, when the case was before it on appeal from a former trial, that the plaintiff was entitled to recover upon the draft, and granted a new trial. But upon the second trial, the defendant offered to prove that at the time of the delivery of the duplicate draft, it was agreed between defendant and Morris, plaintiff's agent, by parol, that this second draft was made to be in the place of, and to be of the same effect as the one of July 10th, 1857, and that the defendant's liability should be the same and no

more than it then was upon the original draft.    This evidence was objected to by the plaintiff, and excluded, and the defendant excepted.    The plaintiff recovered a judgment, which, upon appeal to the General Term in the eighth district, was affirmed, and the defendant appeals to this court.    The case has been twice argued.

The judgment of this court, when it was here before, is reported (31 N. Y., 382).

*John Ganson*, for the appellant.

*A. G. Rice*, for the respondent.

Per CURIAM.    The true construction, in view of the extrinsic facts of the case, of the word " duplicate," written across the draft in suit, is that the draft was made as a substitute for, and to take the place of the original, and no new liability of the defendant was created thereby.

The judgment must therefore be reversed, and a new trial had.

GROVER, J., read an opinion discussing the admissibility of the parol evidence offered by the defendant as to the agreement between the parties, at the time the duplicate draft was given, and came to the conclusion that it was improperly excluded.    WOODRUFF and MASON, JJ., read opinions coming to the opposite conclusion upon that question, but it was not passed upon by the court.

WOODRUFF and MASON, JJ., were for affirmance.

Judgment reversed and new trial ordered.