Folger, J.
This case, prior to this appeal, has been twice in this court with diverse results. (See 31 N. Y., 382; 40 N. Y., 345.)
It is not necessary to determine how far the decisions then made may be reconciled, or, if irreconcilable, which shall control or mainly affect that now to be reached. There are facts now in the case which were not before the court on either of the former hearings; facts which are of themselves quite decisive.
There is, indeed, language used in 31 N. Y., in the opinion, which shows that if the same facts had then been presented which now appear, a different conclusion would there have been reached.
The learned chief justice (Denio) there says : “ The word duplicate was written across the face of the last one. The Supreme Court implies, from that word and the identity of the terms of the bills, a very special agreement. They would make the bill effectual as an order for the money, if the drawees would pay it, but a denial of the defendant’s liability as drawer, if they should not pay it. It would ha/oe been competent, no doubt, for the parties to make such am agreement.”
Had there been proof that the parties did make such an agreement, the decision then rendered would have been the opposite of what it was.
The court, in 40 N. Y., without the proof of that agreement then in the case, reached the same conclusion to which we are led, by the proof of it now appearing.
*574 It is now shown that when the agent of the plaintiff came for another draft to replace that which was lost, the defendant, upon request being made for a bill varying from that in its. terms, refused to make one which should be other than an exact duplicate of the missing one; or to give one, save a copy-of the original, and on the conditions that he would not be held responsible in the future for any “back laches/” that the new draft must take the place of the original; that he should not consider himself responsible, after the treatment of that draft in Hew York, by protesting it before it was due; and that he would not be responsible for the moneys laying there, or any laches that had been committed.
The duplicate draft having been given and taken on these conditions, there was made the very agreement which the court, in 31 H. Y., considered it competent for the parties to make, and which it intimated would have protected the defendant from a new liability.
And there is furnished by this proof more extrinsic facts, and a greater support to the meaning of the word “ duplicate ” upon the face of the instrument, which was held, in 40 H. Y., to be the true construction thereof, viz., that it was a substitute for and to take the place of the original, and that no new liability of the defendant was created thereby.
And clearly it was competent to show the terms upon which the duplicate was delivered, and for the defendant to restrict and limit his liability thereby, and to protect himself by them against any liability.
Instruments not under seal may be delivered to the one to whom upon their face they are made payable, or who by their terms is entitled to some interest or benefit under them, upon conditions the observance of which is essential to their validity. And the annexing of such conditions to the delivery is not an oral contradiction of the written obligation, though negotiable, as between the parties to it, or others having notice. It needs a delivery to make the obligation operative at all, and the effect of the delivery and the extent of the operation of the instrument may be limited by the conditions *575 with which delivery is made. And so also, as between the original parties and others having notice, the want of consideration may be shown.
It is objected, however, by the plaintiff, that if it be conceded that such would be the effect of the proof, if made, that there was here a conflict in the evidence, and that it was error at the circuit not to submit the question to the jury, as requested by the plaintiff, whether in fact such conditions were by the defendant annexed to the delivery of the duplicate. There were but two witnesses who spoke to the question; the defendant, and Morris, the agent of the plaintiff. Morris does not deny that the defendant made the statement, on acceding to the request for a duplicate draft, sworn to by the latter. If he had denied, there would have been a question for the jury. He did say that he did not remember that when the draft, was delivered to him by the defendant, the latter said that he would do nothing to incur any new liability, nor that the duplicate must stand on the same footing as the original draft, nor words to that effect. Upon this it is that the plaintiff claims that there was conflict in the evidence, which it was for the jury to allay. But there was another thing said by Morris which obviated this, and that was, that he did not remember all of the conversation which took place between him and the defendant at the time he procured the duplicate. This left no contradiction of testimony. There was no question of fact for the jury. The court at circuit could take the facts to be as stated by the defendant, and the effect of them was a question of law for the court alone.
Mor is there force in the position that the defendant having requested the delay of one day in the forwarding of the draft, he is for that liable for the consequent loss. That delay was but another condition which he had a right to affix to the delivery. It was all without any valuable consideration moving to him. He could have refused it altogether. He could have post-dated it. He could have put off delivery until the next day. And delivery on that day, with a request and assent that the draft should not be put in use until the *576 day after, was a matter within his power to make and exact. And so it did not charge him with the loss to the plaintiff which resulted.
Doubtless, when the presentation of a bill for payment is reasonably deferred after the request of the drawer thereto, he may not defend* himself against-liability by reason of the delay. But that is where he incurred a liability as drawer by the making of the draft, and could have been held on failure to collect, had there been due presentment.
Here, as we have seen, the case was not such.
The order of the General Term granting a new trial should be reversed, and judgment should be ordered for the defendant upon the verdict, with costs.
All concur.
Order affirmed, and judgment accordingly.