## E. A. FRANKLIN V. L. SMITH AND R. A. HARVIN.

(Case No. 2955.)

1. PLEADINGS — PLEA OF FAILURE OF CONSIDERATION.— A plea of failure of the consideration of a note sued on, setting up: "That the plaintiff, being the inventor and patentee of divers enumerated useful and valuable articles, had, before the execution of the note sued on, conveyed to a certain joint stock company the right and proprietorship of said patent right; that said stock company consisted of six shares, of which the plaintiff, for himself and his brother, retained two shares, and conveyed to John M. Lockett one share, to Henry E. Lockett one share, and to the defendants each one share; in consideration of which conveyance and the further consideration hereinafter stated, the said John M. and Henry E. Lockett each paid and contracted to pay the sum of $1,500; the defendants each paying the sum of $1,000 in cash, and for the remaining $500, the amount due by them, they joined in executing the note sued on." "That as part of the consideration of the money so paid and agreed to be paid by the defendants, and the said John and Henry Lockett, to the plaintiff, the several parties to said joint stock association then and there appointed the aforesaid Henry E. Lockett their lawful agent and attorney in fact to proceed to the city of New York and other northern cities with a view to procuring the manufacture and sale, of the said several inventions, on royalty or otherwise in his discretion; that to induce the said H. E. Lockett to undertake the said service on behalf of said joint association, it was then and there agreed by and between all the said parties that each share should contribute and pay towards the salary of the said H. E. Lockett the sum of $200, and it was expressly agreed that the plaintiff, representing two of said one-sixth shares, should then and there pay to said H. E. Lockett the sum of $400; that in pursuance of said agreement, the defendants and the other parties, save and except the plaintiff, did pay over to said H. E. Lockett their said quotas of $200, but the plaintiff wholly failed and refused to pay the sum so agreed to be paid by him. By reason whereof the said H. E. Lockett, after expending large sums of money of his own and these defendants, became and was unable to carry out the objects and purposes of his said appointment and undertaking, and was compelled to return home without having sold or disposed of any portion of said inventions, without having realized any money whatever therefrom; wherefore they became damaged in the sum of $5,000, and the consideration of said note, they allege, has wholly failed." "That it was the agreement and understanding of the parties, both at the time the note sued on was executed, and before and afterwards, that the payment thereof was not to be demanded of the defendants un-

til the net profits accruing to the defendants from the manufacture and sale of said inventions shall be sufficient to discharge the said note, and in case no such profits should ever accrue to the defendants, then said note was to become and be absolutely null and void, and the defendants say that no profits whatever have accrued to them from such sale and manufacture, and this they are ready to verify," — is insufficient, and overruling exceptions to it was erroneous.

2. WANT OF CONSIDERATION — CONTRACT.— Without contradicting or varying the terms of an instrument in writing, absolute on its face, it is admissible for the defendant to establish, by competent evidence, that it was delivered in pursuance of an agreement that no liability should accrue for its payment until the happening of events connected with its consideration.

3. VARYING TERMS OF WRITTEN CONTRACT BY PAROL.— Parol testimony is inadmissible to prove an agreement or understanding between the plaintiff and defendant, that the note sued on was only to be paid out of proceeds of sales of patents on inventions, and that if no such proceeds were ever realized, the note was not to be paid at all, because varying and contradicting the plain terms of the written contract as expressed in the note.

4. OPENING AND CONCLUDING ARGUMENT — BURDEN OF PROOF — WANT OF CONSIDERATION.— Where the defendant pleads want of consideration in a note, the burden of proof is upon the plaintiff to satisfy the jury, upon the whole evidence, that the note was supported by a sufficient consideration, and it is error to permit the defendant to begin the evidence, and open and conclude the argument to the jury.   Delano v. Bartlett, 6 Cush., 367; Powers v. Russell, 13 Pick., 76; Small v. Clewley, 62 Maine (16 Amer. Rep.), 412.

5. CHARGE OF THE COURT.— Unless from the record of the trial it is manifest that the verdict was a correct one, notwithstanding an erroneous charge, a judgment will be reversed whenever an erroneous instruction upon a material point has been given which may have influenced the jury, although the evidence may appear to the appellate court to be sufficient to sustain the verdict.   Mims v. Mitchell, 1 Tex., 443; King v. Bremond, 25 Tex., 637; Vaughan v. The State, 21 Tex., 752; Bailey v. Mills, 27 Tex., 438; Belt v. Raguet, id., 472; Chandler v. Fulton, 10 Tex., 21.

APPEAL from Washington.   Tried below before the Hon. I. B. McFarland.

E. A. Franklin, the appellant, brought suit July 8, 1873, against L. Smith and R. A. Harvin, on their joint note for $1,000, payable one day after date to the order of the plaintiff, with ten per cent. interest from 1st September,

1872, dated June 26th of same year. The defendants answered, and at a subsequent term of the court amended their several answers by a joint answer, whereby they withdrew their plea of general denial, and distinctly state that they rely on their plea of failure of consideration; and, amending their former plea of failure of consideration, allege that the note sued on was executed and delivered upon the consideration therein specified, and no other; that the consideration had failed by reason of the failure of the plaintiff to comply with his undertakings in the premises, to their damage $2,000, which they plead in set-off and reconvention.

The plaintiff excepted to the answer; the exceptions were partially sustained, viz., to the extent of so much of the answer as set up a claim for damages in reconvention, and it was overruled as to the remaining parts of the answer. Trial before a jury; verdict for defendants, and judgment accordingly. Motion for new trial filed by the plaintiff, which was overruled; plaintiff appealed, and assigns as error:

1. The court erred in overruling plaintiff's exceptions to defendants' answer.

2. In permitting the defendants to begin the evidence, and to open and conclude the argument to the jury.

3. In admitting evidence to go to the jury over plaintiff's objections, as is shown by bill of exceptions.

4. The charges given and refused by the court.

*Giddings & Morris*, for appellant.

*Sayles & Bassett*, for appellees.

WALKER, P. J.— We will consider the first assignment of error, viz., that the court erred in overruling plaintiff's exceptions to defendants' answer. As has been seen, the exceptions were overruled only so far as they related to the defense of a failure of consideration. The answer setting up that as a defense, alleged that the plaintiff, being the inventor and patentee of divers enumerated useful and valuable articles, had, before the execution of the note sued on, conveyed to a certain joint stock company the right and

proprietorship of said patent right; that said stock company consisted of six shares, of which the plaintiff, for himself and his brother, retained two shares, and conveyed to John M. Lockett one share, to Henry E. Lockett one share, and to the defendants each one share; in consideration of which conveyance, and the further consideration hereafter stated, the said John M. and Henry E. Lockett, and the defendants, each paid and contracted to pay the sum of $1,500; the defendants each paying the sum of $1,000 in cash, and for the remaining $500 of the amount due by them they joined in executing the note sued on.

That as a part of the consideration of the money so paid and agreed to be paid by the defendants and the said John and Henry Lockett to the plaintiff, the several parties to the said joint stock association then and there appointed the aforesaid Henry E. Lockett their lawful agent and attorney in fact, to proceed to the city of New York, and other northern cities, with a view to procuring the manufacture and sale of the said several inventions on royalty or otherwise in his discretion.

That to induce the said H. E. Lockett to undertake the said service on behalf of said joint association, it was then and there agreed by and between all the said parties, that each share should contribute and pay towards the salary of the said H. E. Lockett the sum of $200, and it was expressly agreed that the plaintiff, representing two of said one-sixth shares, should then and there pay to said H. E. Lockett the sum of $400. That in pursuance of said agreement the defendants and the other parties, save and except the plaintiff, did pay over to the said H. E. Lockett their said quotas of $200, but the plaintiff wholly failed and refused to pay the sum so agreed to be paid by him. By reason whereof the said H. E. Lockett, after expending large sums of money of his own and these defendants, became and was unable to carry out the objects and purposes of his said appointment and undertaking, and was compelled to return home without having sold or disposed of any portion of the said inventions, without having realized any money whatever there-

from; wherefore they became damaged in the sum of $5,000, and the consideration of the said note, they allege, has wholly failed.

The answer further stated that the agreement and understanding of the plaintiff and the defendants, both at the time the note sued on was executed, and before and afterwards, and the same entered into the consideration of the said note and of the money paid by the defendants to the plaintiff as aforesaid, was, that the parties should respectively contribute and place in the hands of Henry E. Lockett as agent an agreed amount, to wit, $500, towards procuring the manufacture and sale of the aforesaid patents and inventions; that the defendants paid their parts of the said fund, and that the plaintiff wholly failed and refused to pay his part thereof, and that his said failure prevented the sale and manufacture of the said articles, to the defendants' damage $2,500, which they plead in offset and reconvention. And that it was the agreement and understanding of the parties, both at the time the note sued on was executed, and before and afterwards, that payment thereof was not to be demanded of the defendants until the net profits accruing to the defendants from the manufacture and sale of said inventions shall be sufficient to discharge the said note, and in case no such profits should ever accrue to the defendants, then said note was to become and be absolutely null and void; and the defendants say that no profits whatever have accrued to them from such sale and manufacture, and this they are ready to verify.

The plaintiff excepted generally, and for special cause of exception says, that it appears from the defendants' answer that their claim or grounds of defense are founded upon an alleged breach of contract between the general members of a joint stock company composed of plantiff, defendants, H. E. Lockett and John M. Lockett. The remaining specifications relate to the defendants' pleas in set-off and reconvention, which were sustained and need not be set out in this place.

The appellant's first assignment of errors is that the court erred in not sustaining his exceptions to the entire answer.

The plea of failure of consideration does not set out with distinctness, if indeed it was meant to so aver, that the purchase by the defendants, as members of said joint stock company, of the said two shares in the patent rights, was part and parcel of an entire contract with the plaintiff, whereby the latter agreed to convey said shares and also to contribute by his investments of cash means to the manufacture of the articles, or else to provide in the same manner for their sale under royalties, nor does it allege that both said conveyance and said contributions together formed the inducement to the purchase of the shares thus bought by them. Under such allegations, if the plaintiff had failed to comply on his part, it would afford ground for a rescission of the contract, and damages for a breach of the same, and consequently support a plea of failure of consideration. The language used in the plea is very general, and the allegations are indistinct in respect to this branch of the plea. The inference from its allegations is admissible that the interests of the patentee were conveyed to the defendants and other members of the joint stock company, and that said company, of which the plaintiff composed a part, agreed to take the steps referred to in the plea to utilize and render profitable their investment in the said patent rights; and that whilst $1,500 was to have been paid by each shareholder in consideration of the plaintiff's sale of said shares, and also of an agreement on his part to contribute towards putting the articles in market, that, nevertheless, the sale of said shares may have been a distinct transaction, supported by a separate consideration, not dependent on the other parts of the dealings in respect to the manufacture of the articles. If such were the case, the right of the plaintiff would exist to recover on such portion of the contract as he had completely fulfilled, and there could be no total failure of consideration; it could attach only to such parts of the transactions as he had not fulfilled. The plea, however,

does not distinguish between the several parts of the plaintiff's undertakings; and at the same time it admits conveyances to the defendants of rights to valuable inventions, and does not offer to cancel them, nor does the answer allege the relative value of the purchased shares to the value of whatever else, besides, they may have lost or suffered damage.

The allegations on their face negative the conclusion that there was a total failure of consideration of the note sued on. In order to render such a plea available against this note, it is necessary to allege facts which show that every part of the inducement upon which it was executed has failed to be performed by the plaintiff. If, for example, the contract of the parties had originally been such, that the amount of the note ($500 on each share) was not to have been paid except on condition that the manufactured articles or sales thereof should produce to the defendants a net profit sufficient to meet the same, and afterwards the terms were varied, whereby this note was to be executed on the condition that the plaintiff should make certain advances which he failed to make, and that thereby the consideration of the note failed; in such case, the defense of a total failure of consideration would apply, and no recovery could be had upon the note, whatever might be the remaining rights and equities of the parties respectively under the original and other transactions of the parties. Under the pleadings as they stand, the consideration in gross is stated as being the amount agreed on for all the acts performed and to be performed by the plaintiff, without making a sufficiently distinct discrimination as to the relative considerations of each, nor sufficiently eliminating the consideration of the note sued on from the conveyance of valuable interests to the defendants, of which they are still possessed, and which they do not offer to reconvey to the plaintiff; the answer repels the idea of a total failure of consideration, so far as the entire transaction between the parties may be considered, and it fails to show a state of facts from which it may be clearly seen that there is a total failure of consideration in the note

sued on, because it is shown to have been a part of the consideration for shares which may be nearly or quite of the value of $1,500 each. There are, it is true, allegations from which it might be surmised that, inasmuch as it was agreed before, at the time, and after the execution of the note, that it was not to be paid except out of the net profits, that, therefore, this note was based upon a separate and distinct consideration and contract from the general consideration which the other parts of the answer averred; but the allegation referred to is rather the suggestion of fact on which a conjecture or inference may be based, than direct affirmative allegation of facts distinctly showing that the consideration of this note was based upon conditions which withdrew it from any connection or dependency upon the united considerations of the contract, as it is described to be in the answer. The appellees' counsel in their brief, however, treat this part of the answer as a separate defense; if such is its character it cannot be looked to in order to aid the plea of failure of consideration; and it may have been prepared and intended as a separate plea setting up the defense that this suit was prematurely brought, no cause of action having yet arisen upon it. This part of the answer follows in consecutive order the preceding allegations of the answer setting up a failure of consideration, and is not introduced in the form and manner which would indicate it to be a separate plea, nor does it purport in terms to be so intended. If intended as a separate defense, it ought to have been distinctly and fully pleaded as such, with such allegations of fact as to render it a complete and independent plea, without the necessity of reading the other plea to render its meaning intelligible or consistent. From a casual reading of the pleadings and judgment of the court, the inference arises that the answer of the defendant rested alone on a failure of consideration after the exception was sustained to the plea in reconvention.

Viewing this part of the answer, then, as a separate plea, we conclude that the remaining parts of defendants' amended answer were insufficient, and that the demurrer of the plaint-

iff to it ought to have been sustained.   On another trial the defendants should amend their answer so as to distinctly and clearly set up their several defenses, so as to meet the deficiencies and defects which we have herein indicated.

The assignments of errors involve the consideration of many of the instructions given and refused to a portion of the charge of the court.   It will not be necessary to consider *seriatim* the points thus presented, nor further to discuss them than may seem essential to determine a proper result on this appeal, and to indicate a rule on some of the questions with reference to another trial.   The court instructed the jury, at the instance of plaintiff, as follows: " The defendants allege a part of the consideration for which the note was given was that plaintiff agreed to contribute certain sums of money to H. E. Lockett as the agent of the joint stock company composed of plaintiff, defendants, H. E. and John M. Lockett, to visit New York and other northern cities to dispose of the inventions the company owned, and that he failed to contribute said sums; and this alleged failure to so contribute is the failure of consideration set up by the defendants."

" This is a question involving the interests of the joint stock company and cannot be set up by defendants as a defense to this suit; neither can the defendants set up a breach of contract between Franklin and H. E. Lockett as a defense to plaintiff's action against them."

The foregoing instruction, after correctly defining the elements which constituted the defense, set up by defendants, of a failure of consideration, in terms not less definite and specific directs the jury that it cannot be set up as a defense to this suit, and gives also the reason upon which the court bases the conclusion.

In the charge of the court the jury are thus directed: " If you believe from the evidence that the consideration for which the note was given was the same as that set out in the defendants' answer, and if you further believe from the evidence that said consideration has failed, you will find for

the defendants; otherwise you will find for the plaintiff the amount of the note and interest."

The previous instruction informed the jury as to every fact concerning which they were to inquire under the direction of the charge last quoted, and that upon that state of facts they would not find for the defendants, and could not so find. The instructions to the jury are not reconcilable with each other. Under the court's instruction, there was no other supposable state of facts on which to base a defense of failure of consideration than those specified in the answer, which they were charged would not support the defense of failure of consideration. The main charge, however, implied, if it can be made in anywise consistent with the other instruction, that there remained some other facts in the case on which might be predicated a defensive plea of failure of consideration, and the jury were thus left to determine from the testimony what they were.

There were not, however, any other facts which they could properly consider in that connection, and yet in view of the evidence in the case, which extended over a large area of controverted facts, we cannot say they were not misled by these conflicting charges to them, and that the plaintiff was thereby prejudiced by them in the result of the trial.

There was evidence before the jury, introduced by the defendants, to establish that it was the understanding and agreement, after, at, and before the execution of the note, that it was to be paid out of proceeds of the sales of the inventions, and that the plaintiff should pay his part of the manufacturing fund, and of H. E. Lockett's expenses in going north; also that the original consideration of the purchase of the shares was $1,000 for each share, and $500 in addition, to be payable only on the condition that the same could be realized out of sales of the manufactured articles. On both of these propositions the evidence was, however, conflicting. The answer did not set up the facts embraced in the latter proposition, and on the former, the court did not give to the jury any charge or instruction as to any

rule of law applicable to such a defense. There were, it is true, instructions having reference to the character of evidence which would be admissible and non-admissible under it, but no charge or instruction which instructed the jury as to the rule of law applicable to it, nor as to how they should find in respect to it under the evidence before them. Under those circumstances, the jury may have concluded that to the evidence relating to the one or the other, or to both of these subjects, the charge of the judge was intended to apply, which instructed them to find for the defendants if they believed from the evidence the consideration of the note had failed. If they did so find under such an interpretation of the seemingly incompatible charges given to them, they would have found either upon an issue not made by the pleadings, or else they would have found without any instruction on the law applicable to the question, and would have wholly mistaken the charge, intended to be applicable alone to the defense of failure of consideration, for an entirely different defense.

There remains another supposable alternative, viz., that the jury intentionally and understandingly disregarded the charge which instructed them that the matters set up as a failure of consideration could not entitle the defendants to recover. If they did do so, they acted upon their own interpretation of an insufficient plea, which set before them an incorrect standard of what constituted a total failure of consideration; and if, besides this, they cast themselves loose from the tutelage of their proper adviser, their conclusions, thus manifested, supply no means of determining by what process they were attained; and in order to support a verdict rendered under such circumstances, it would be required that from the record of the trial it is manifest that it was a correct one, notwithstanding the erroneousness of the charge. Mims v. Mitchell, 1 Tex., 443; King v. Bremond, 25 Tex., 637; Vaughan v. The State, 21 Tex., 752. If, however, an erroneous charge or charges have been given to the jury, which may have influenced the finding, and in the absence of which the finding might have been different, a new trial

will be granted, although the court may be satisfied with the verdict. Chandler *v.* Fulton, 10 Tex., 21.

In view of the confusion of ideas, and the embarrassing perplexities, in which we must suppose the minds of the jurors to have been involved in considering the conflicting evidence which was submitted to them, and that there was evidence tending to support a finding for either party, we feel required to say that the conflicting charges of the court in relation to the failure of consideration, and the want of any definite charge directing the jury as to the proper application of the evidence which related to the defense that this suit was prematurely brought, may have misled them into misinterpretations and misapplications of the evidence to the law, to the injury of the plaintiff. We cannot say that the verdict is right, under the evidence and pleadings, notwithstanding the errors to which we have pointed.

A judgment will be reversed whenever there is an erroneous instruction upon a material point which may have influenced the jury, although the evidence may appear to the appellate court to be sufficient to sustain the verdict. Bailey *v.* Mills, 27 Tex., 438; and see, also, Belt *v.* Raguet, 27 Tex., 472; Chandler *v.* Fulton, 10 Tex., 21, in relation to a similar rule applicable to contradictory charges which may have misled the jury.

There are numerous assignments of error, presenting questions of evidence and practice; but we will not attempt to discuss them all, nor to notice more of them than a proper direction to another trial may seem to require.

The objections taken by the plaintiff to the admissibility of parol testimony to prove that it was the agreement and understanding between the plaintiff and the defendants that the note was only to be paid out of proceeds of sales of patents or inventions, and that, if no such proceeds were ever realized, the note was not to be paid at all, because it sought to vary and contradict the plain terms as expressed in the note, were well taken. The rule of law on this subject is too well settled to require discussion or to need a reference to authorities. The availability of a defense

predicated upon such a supposed state of facts is to be distinguished from the kind of evidence whereby it may be established. The evidence which was offered and allowed was plainly to establish a contract directly and essentially variant from the specific and absolute promise contained in the note, to pay the amount thereof unconditionally and on a day certain. The cases to which we are referred in the brief of the counsel for the appellees do not qualify the general rule, so far as that rule relates to this case. The bill of exceptions recites " that the defendants offered to prove by the witnesses Smith and J. M. and H. E. Lockett, that there was a parol agreement and understanding," etc., as has been already recited; which was quite a different one from that which was evidenced by the note. The purpose of the rule would be wholly frustrated if it might be thus disregarded by introducing in the place of the writing the parol evidence referred to. It is needless to pause to point out the inapplicability of the decisions made in the cases above alluded to; they illustrate numerous instances where parol evidence is admissible in connection with and relating to written instruments, under rules of law as well established and as elementary as the general principle which excludes it for the purpose of contradicting or varying the terms of a written contract.

The objections of plaintiff to the receipt offered by defendants and admitted by the court were not well taken. The evidence was admissible as circumstantial evidence, not to dispute or contradict the fact that the note itself imported, according to its recitals, a promise to pay absolutely, but that it may have thus been written and delivered upon an understanding and agreement that it should not be paid, nor be enforceable at law as between the parties until the sales of inventions, or money enough was realized out of such sales to pay the amount. Notwithstanding the execution of an instrument absolute on its face, without contradicting or varying its terms, it may be thus made and delivered under such circumstances and existing facts as to give it a different legal effect, or to invest the maker with cer-

tain equities which may be protected.  By competent evidence, it was admissible for the defendants to establish, if they could, that this note was delivered in pursuance of a consideration and under an agreement that no liability should accrue for its payment until the happening of the events which were indicated in the receipt.  The receipt, if connected with the consideration of the note, might tend, as one link, to establish a chain of circumstances which might maintain the general proposition that the payment of the note in the hands of the original payee could not be demanded at the date of the institution of the suit; at all events, to the extent of Harvin's portion of said note.  Of course, such evidence would be inconclusive, and might be rebutted and explained; the issue at last being, what was the contract and consideration upon which the note sued on was made and delivered.

In respect to assignments of error which relate to the giving and refusal of divers enumerated instructions to the jury, it may be said that they relate mainly to principles and rules of evidence and pleadings, sought by the plaintiff to be made available in the shape of instructions, the effect of which would, if given, serve to neutralize or qualify certain evidence before the jury.  In view of the conclusion we have arrived at in respect to the merits of this appeal, and of the exposition already made of our views on the essential features of the questions pertaining to the rights of both parties, we conceive that we may pass over without notice the remaining assignments referred to without comment.  To do otherwise would hardly be profitable to the parties on another trial.

The appellant assigns as error that the court erred in permitting the defendants to begin the evidence, and to open and conclude the argument to the jury, over the objections of his counsel, who urged as grounds therefor, that the defendants did not admit by their answer their liability on the note, but expressly denied it; also, that upon the whole case, the burden of proof was on the plaintiff to show defendants' liability; and that under the pleadings the plaintiff had the

right to open and conclude the argument to the jury, and to begin the evidence.

The defendants had, as has been seen, withdrawn the general denial, and the court had sustained the plaintiff's exceptions to the answer so far as it set up a plea in set-off and reconvention; the remaining issues being that of failure of consideration, and that the note was payable on condition — on the happening of an event which had not transpired. The last-named issue devolved the burden upon the plaintiff of vindicating his allegation by evidence that the note was in fact due and payable according to its terms, and that at the date of the institution of his suit there existed a valid cause of action upon it. The defendants' pleadings did not admit that there was then, or had ever been, a valid cause of action upon the note. The authorities well maintain that the defense of a want of consideration in a promissory note does not relieve the plaintiff from the burden of proof to satisfy the jury upon the whole evidence that the note was supported by a sufficient consideration. The burden does not shift, although the weight of evidence may alternately preponderate on the one side or the other. The burden of proof remains on the plaintiff, unless the defendant sets up a new and distinct issue, as payment, for instance, confessing the original contract, and seeking to avoid it. Delano v. Bartlett, 6 Cush., 367; Powers v. Russell, 13 Pick., 76; Small v. Clewley, 62 Me. (16 Amer. Rep., 412), and the authorities cited in the last-named case.

The authorities are not wholly coincident in respect to the application of this rule to the defense of failure of consideration (see Small v. Clewley, supra), but in this case, on that point, it is remarked: "In Delano v. Bartlett, 6 Cush., 368, a distinction is made in respect to the burden of proof, between a want of consideration and a failure of it; while in Burnham v. Allen, 1 Gray, 496, no such distinction is taken by Chief Justice Shaw."

It is not necessary to determine the rule as to its application to the defense of failure of consideration, although high authority would seem to sanction the opinion that it would

apply alike to that as to the defense of a want of consideration. It is sufficient to rest our conclusion upon the other issue in the case which has been already discussed. We are of the opinion that this assignment of error is well taken, and that the plaintiff's counsel was entitled to open and conclude the argument to the jury.

We conclude, upon the whole case before us, that there is error in the judgment, and that it shall be reversed and the cause remanded.

REVERSED AND REMANDED.