## HENRY LEWIS v. COMMERCIAL NATIONAL BANK.

Decided November 23, 1904.

**Check—Duplicate—Liability of Indorser—Laches—Presentment.**

The indorsement of a duplicate check creates no new liability on the part of the indorser different from the original, and having been discharged from liability on the original by laches as to presentment he can not be held on the duplicate.

Appeal from the County Court of Nacogdoches. Tried below before Hon. Robert Berger.

*George E. Gatling,* for appellant.

No briefs for appellee.

GARRETT, CHIEF JUSTICE.—This suit was brought in the County Court of Nacogdoches County by the Commercial National Bank of Nacogdoches against the San Augustine Brick Company, Henry Lewis,

and Mayer & Schmidt, a firm composed of Abe Mayer and John Schmidt, to recover upon a duplicate check drawn by the brick company upon the First National Bank of San Augustine in favor of the said Henry Lewis and by the said Lewis indorsed to Mayer & Schmidt and by said Mayer & Schmidt indorsed to the plaintiff, by whom the original check was lost before presentment. When the case was called for trial the plaintiff dismissed as to Mayer & Schmidt, and·on submission to the court without a jury judgment was rendered in favor of the plaintiff against the defendants San Augustine Brick Company and Henry Lewis. The defendant Lewis alone has appealed. The original check was drawn on December 2, 1902, by the San Augustine Brick Company on the First National Bank of San Augustine in favor of Henry Lewis for the sum of $500. It was indorsed by Lewis to Mayer & Schmidt and by them indorsed to the plaintiff to be collected and placed to their credit. The plaintiff lost the check and did not present it for collection. It did not discover the loss of the check until several months after it acquired it, and on August 20, 1903, it applied to and obtained from the brick company the duplicate sued on. The duplicate is indorsed by the defendant Lewis but is not indorsed by Mayer & Schmidt. It was presented by the plaintiff to the San Augustine bank·for payment, but payment was refused for the want of funds to the credit of the drawer. The brick company when it drew the check had funds to its credit with the bank more than enough to pay the check and had sufficient funds with it to pay the sum for the months of December, 1902, and January, 1903, after which it withdrew its deposits and became insolvent. The indorsement by.Lewis of the duplicate check did not change his relation to the original or create any liability on the duplicate different from the original. The use of the word "duplicate" across the check signified that it was made as a substitute for the original and that no new liability was created thereby. Benton v. Martin, 40 N. Y., 345. The loss, mislaying or destruction of the bill or note will not dispense with a regular presentment for payment, and the defendant having been discharged from liability upon the original by laches as to presentment, the plaintiff could not recover on the duplicate. 4 Am. & Eng. Ency. of Law, 468; Benton v. Martin, supra. The judgment of the court below.will be reversed and judgment will be here rendered for the defendant Lewis.

*Reversed and rendered.*