MERRIMAN v. SWIFT & CO. (No. 8859.)

(Court of Civil Appeals of Texas. Ft. Worth. April 20, 1918. Rehearing Denied May 25, 1918.)

1. BILLS AND NOTES ⬳462(1) — ACTIONS — COMPLAINT.

A complaint, alleging that defendant executed and delivered certain checks to plaintiff drawn upon a named bank, payable to plaintiff's order and in amounts and on dates specified, was not subject to general demurrer.

2. APPEAL AND ERROR ⬳742(1)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error, not complaining of any action of the court nor disclosing the basis of appellant's contention of error, and followed by no proposition, is insufficient and will not be considered.

3. BILLS AND NOTES ⬳462(1)—ACTIONS—COMPLAINT — SUFFICIENCY — "INDEBTED" —"INDEBTEDNESS."

A complaint, alleging that defendant executed certain checks for a valuable consideration and delivered them to plaintiff, and that "defendant is indebted to the plaintiff thereon and by reason thereof," is not insufficient as failing to allege a promise to pay; "indebted" being defined as having contracted or incurred a debt, and "indebtedness" being a sum of money due by certain and express agreement (quoting Words and Phrases, Second Series, Indebted—Indebtedness).

4. EVIDENCE ⬳420(7) — PAROL EVIDENCE VARYING WRITTEN INSTRUMENT.

In an action on a check, evidence by defendant of an oral agreement that he was not to be required to pay until financially able was inadmissible as affecting a written instrument.

5. BILLS AND NOTES ⬳422(1) — PRESENTMENT—WAIVER.

Failure to present a check for payment is no defense, where presentment was not made because of defendant's own request.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by Swift & Co. against M. Merriman. From a judgment for plaintiff, defendant appeals. Affirmed.

Graves & Houtchens, of Ft. Worth, for appellant. Isaacs, Agerton & Isaacs, of Ft. Worth, for appellee.

BUCK, J. Appellee sued appellant on nine checks, aggregating $1,178.74, the dates of which ran from December 7, 1912, to June 9, 1913. After alleging that plaintiff was a corporation, with a permit to do business in the state, with its domicile in Tarrant county, and that defendant resided in Hardeman county, the charging portion of the petition is as follows:

"For cause of action, plaintiff represents that on the respective dates hereinafter mentioned the defendant made, executed, and delivered to plaintiff at Ft. Worth, Tarrant county, Tex., certain checks, drawn upon the Exchange National Bank of Ft. Worth, Tex., said bank being in some of said checks referred to as the Exchange National Bank of North Ft. Worth, Tex.; said checks being signed, executed, and delivered by the defendant M. Merriman to and in favor of this plaintiff, payable to the order of this plaintiff, and being in amounts and executed and delivered on dates as follows:

| Check No. | Date of Execution of Check. | Amount. |
|---|---|---|
| 31 | December 7, 1912 | $ 122 36 |
| 35 | December 21, 1912 | 168 73 |
| 37 | December 28, 1912 | 142 28 |
| 44 | January 4, 1913 | 101 64 |
| 46 | January 15, 1913 | 122 03 |
| | January 18, 1913 | 146 88 |
| 8 | May 23, 1913 | 115 50 |
| 20 | June 2, 1913 | 159 32 |
| 7 | June 9, 1913 | 100 60 |
| | Total | $1,178 74 |

"The first six of said checks were drawn upon the Exchange National Bank of North Ft. Worth, and the remaining three thereof were drawn upon the Exchange National Bank of Ft. Worth, Tex.

"Plaintiff says that it received said checks for a valuable consideration, and presented same in due course of business to the bank on which same were drawn for payment, and payment thereof was refused by said bank, and said checks have never been paid by or through said bank or otherwise.

"Plaintiff says that it is now the owner and holder of said several checks, and same are past due and wholly unpaid, and the defendant is indebted to the plaintiff thereon and by reason thereof in the aggregate sum of $1,178.74, with interest on each check since the date thereof."

In the prayer for relief plaintiff asked that it "do have and recover from the defendant, M. Merriman, for the amount of the aforesaid debt, with interest thereon, for costs of suit," etc. Defendant urged a general demurrer, and specially excepted to plaintiff's petition on the grounds: (1) That it nowhere alleged that defendant promised, either expressly or impliedly, to pay any amount to plaintiff, or that defendant became liable to plaintiff in any amount; (2) that it appeared from said petition that plaintiff's cause of action, if any, was barred, both by the two years, and the four years' statute of limitation. He acknowledged that he executed the checks mentioned in plaintiff's petition, but denied liability thereon. He further alleged that he executed the checks conditionally, and that by agreement with plaintiff's creditman and agent, Mr. Cunningham, it was understood and agreed that defendant would not be liable thereon unless he became financially able to pay said checks, and that it was further agreed that the checks would not be presented to the bank upon which they were drawn until he (the defendant) was so financially able and should so notify said Cunningham; that the checks were all postdated, and each was delivered to plaintiff on a date prior to that shown on the check; and that he had never been finan-

cially able since the issuance of said checks to pay the same. The court overruled the general demurrer and the special exceptions, and, after the evidence was concluded, instructed a verdict for plaintiff. From the judgment based thereon, the defendant has appealed.

[1] The first assignment is directed to the overruling of the general demurrer. We think in this action there was no error. While the petition is not so full or detailed as it might be, we think it is sufficient. We have examined every decision relied on by appellant to support this assignment, and do not think the petition in this case is subject to the criticism made in a single case cited. Appellants cite Jennings v. Moss, 4 Tex. 452; Frazier v. Todd, 4 Tex. 461; Malone v. Craig, 22 Tex. 609; Whitaker v. Record, 25 Tex. Supp. 382; Reeves v. Miller, 28 Tex. 578; Flaxman v. Rice, 65 Tex. 430; Colbertson v. Beeson, 30 Tex. 76. For instance, in the Jennings Case the petition fails to allege the execution by defendant of the note sued on. In Frazier v. Todd and Flaxman v. Rice the ownership of the note by plaintiff was not alleged. In Malone v. Craig it was not shown to whom the notes were executed. But none of these deficiencies is here shown. Hence we overrule this assignment.

[2] We do not think the second assignment is sufficient to require consideration, it being as follows:

"Based upon paragraph 2 of defendant's amended motion for new trial (Tr. p. 14). Plaintiff must allege, in his petition, some act of defendant creating a legal liability on his part, and a petition which relies upon an implied contract as the basis of a cause of action must specifically aver such implied contract and defendant's liability thereon, and must not leave it to inference to be deduced from other facts pleaded, and a petition in such a case, which fails to make a specific allegation of the implied contract and defendant's liability thereon is bad as against a special exception."

No proposition follows this assignment, nor is the assignment adopted as a proposition. The assignment does not complain of any action of the court. Rule 30 for Courts of Civil Appeals; Article 1612, Vernon's Sayles' Tex. Civ. Stats; Poland v. Porter, 44 Tex. Civ. App. 334, 98 S. W. 216; Pullman v. Hoyle, 52 Tex. Civ. App. 534, 115 S. W. 318; Willis v. Hatfield, 63 Tex. Civ. App. 582, 133 S. W. 929; I. & G. N. Ry. Co. v. Boykin, 85 S. W. 1164; Kilday v. Perkins, 90 S. W. 215. The reference to the page of the transcript is equally barren, for there we find, in paragraph 2 of the motion for new trial, only that:

"The court erred in overruling defendant's special exception No. 1a, as more fully appears in defendant's bill of exception No. 2."

[3] Thus again we are sent on the quest to find what appellant's claim of error is. The court should not be required to indulge in this "puss wants a corner" game to discover the basis of an appellant's contention of error. But we think the assignment should be overruled on its merits, anyway. We think the allegations that the defendant executed the checks, for a valuable consideration, and delivered them to plaintiff, who is now the holder and owner thereof, and who presented said checks to the bank on which they were drawn, by which payment was refused, "and the defendant is indebted to the plaintiff thereon and by reason thereof," coupled with the other allegations contained in the petition, substantially allege a promise to pay, if not in express terms, at least impliedly. "Indebted," in the dictionary, is defined as "having contracted or incurred a debt." "Indebtedness, or debt, is whatever one owes, or in a purely technical sense is that for which an action of debt will lie; a sum of money due by certain and express agreement." W. & P. vol. 2, p. 1026, citing Hornbeck v. Davidson, 33 Ind. App. 609, 71 N. E. 916; 1 Bouvier, Dict. 786. In the respect that this petition does contain the allegation of indebtedness by defendant to plaintiff, it is to be distinguished from that shown in Graves v. Drane, 66 Tex. 658, 1 S. W. 905, in which case it was held that the petition was good as against a general demurrer but would have been subject to special exception.

[4] We do not think any issue which properly ought to have been submitted to the jury was presented by reason of defendant's claim that the understanding was that defendant would not have to pay or be liable on these checks unless defendant was financially able to meet them and to deposit the money in the bank with which they could be paid. "Parol evidence is not admissible as a rule to affect the terms of a check." 5 R. C. L. 495. Such a contention, if allowed, would be contradictory of the instruments.

The consideration being established without controversy, as here, and there being no claim of fraud, accident, or mistake, it would be violative of the rule that one may not by parol contradict or vary the terms of a written instrument to permit the drawer to show that the check was to be payable only upon conditions not expressed in the instrument. Roundtree v. Gilroy, 57 Tex. 176; Self v. King, 28 Tex. 553; 17 Cyc. 592; 3 R. C. L. p. 868. In this case the checks were given for meat purchased by appellant, who was a butcher, and he makes no contention there was any failure of consideration. Franklin v. Smith, 1 Posey, Unrep. Cas. 240; Riley v. Treanor, 25 S. W. 1054; Dwiggins v. Merchants' Nat. Bank, 27 S. W. 172; Bailey v. Nat. Bank, 61 S. W. 530; Rockmore et al. v. Davenport, 14 Tex. 602, 65 Am. Dec. 13. Nor is there any allegation or proof of fraud, accident, or mistake.

[5] Since the evidence shows that the reason certain of the checks were not presented for payment to the bank upon which they were drawn was because the appellant had phoned appellee's agent not to so present them, that the funds to pay them had not yet been deposited in the bank, appellant is

in no position to complain of the appellee's failure to present them for payment. Lewis v. Bank, 37 Tex. Civ. App. 241, 83 S. W. 423; 7 C. J. 969; 8 C. J. 685, 962.

The judgment of the trial court is affirmed. Affirmed.

CONNER, C. J., not sitting.

<hr>

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes