

# The Attorney General of Texas

August 4, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

20 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Carl A. Parker
Chairman
Committee on Education
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Opinion No. JM-53

Re:    Whether union dues and other payroll deductions constitute an "indebtedness" under section 2.07 of the Education Code

Dear Senator Parker:

You have requested our opinion regarding certain payroll deductions for a married employee of an independent school district. Specifically, you ask whether section 2.07 of the Texas Education Code requires consent of the married employee's spouse for the following types of deductions:

1. payment of dues to a union or other employee organization;

2. payment of a donation to a charitable organization;

3. payment of installments on a loan from a financial institution; or

4. payment of the premiums on an insurance policy.

Section 2.07 of the Education Code, formerly article 2883a, V.T.C.S., provides in pertinent part that:

(b) Any teacher's or school employee's assignment, pledge, or transfer of his [or her] salary or wages as security for indebtedness -- or any interest or part of his [or her] salary or wages -- then due or which may become due under an existing contract of employment shall be enforceable only under the following conditions:

. . . .

(2)  Any assignment, pledge, or transfer must be in writing and acknowledged as required for the acknowledgment of deeds or other recorded instruments, and if executed by a married person, it must also be executed and acknowledged in a like manner by his or her spouse;. . . and

(3)  An assignment, pledge, or transfer shall be enforceable only to the extent that the indebtedness it secures is a valid and enforceable obligation.  (Emphasis added).

This section authorizes salary or wage deductions "as security for indebtedness, that is, to pay an obligation to a third party" which is both valid and enforceable.  Attorney General Opinion MW-566 (1982). Therefore, your question is, in essence, whether deductions of the type listed above are valid and enforceable obligations, i.e., "indebtedness," and thus require consent of the employee's spouse.

Indebtedness has been characterized as "that for which an action of debt would lie; a sum of money due by certain and express agreement."  Merriman v. Swift and Company, 204 S.W. 775, 776 (Tex. Civ. App. - Fort Worth 1918, writ ref'd).  Article 3.53, section 2B(2) of the Insurance Code defines indebtedness as "the total amount payable by a debtor to a creditor in connection with a loan or other credit transaction."  The Debt Collection Practices Act defines "debt" as "any obligation or alleged obligation arising out of a consumer transaction."  V.T.C.S. art. 5069-11.01.  Black's Law Dictionary, 5th edition, defines "debt" as a "specified sum of money owing to one person from another, including not only obligation of debtor to pay but right of creditor to receive and enforce payment," (citing State v. Ducey, 266 N.E.2d 233, 235 (Ohio Ct. App. 1970)).  It is clear, then, that in order for there to be an "indebtedness"there must be an obligation, legally enforceable against the debtor, to pay a determinable sum of money.  With this in mind, we shall examine each of the deductions about which you inquire.

This office has recognized the authority of school district employees to approve and school districts to deduct union dues checkoffs and hospitalization plan premiums.  Attorney General Opinions M-613 (1970); O-4033, O-3474 (1941); O-2141 (1940).  This office has also determined that section 2.07 was not impliedly repealed by section 5.22 of the Texas Family Code which provides that personal earnings are within the sole management of each spouse. Attorney General Opinion MW-485 (1982).  These opinions, however, do not address the issue of indebtedness and their silence on this matter is not to be construed as a tacit conclusion that such deductions constitute indebtedness.  On the contrary, this office has recognized

that such deductions are voluntary in nature and impose no obligation on either employee or employer:

> The proposed plan imposes no financial obligation on the part of the district. The teachers would enter the plan on a purely voluntary basis, and we see no reason why the teachers may not authorize the district to make deductions from their salaries. . . As we have mentioned above, participation in the plan is purely voluntary; therefore, the teachers could withdraw both their membership in the plan and their authorization to the district to make deductions at any time. (Emphasis added).

Attorney General Opinion O-4033 (1941). Furthermore, the Texas Right-To-Work Law, article 5207a, V.T.C.S., and article 5154c (as applied to public employees) protect the right of all persons to accept or decline membership in labor unions. Lunsford v. City of Bryan, 297 S.W.2d 115, 116 (Tex. 1957). Accordingly, we conclude that, since checkoff authorizations for school district employees are voluntary and revocable at will, it follows that consent of married employees' spouses to union dues deductions is not required by section 2.07 of the Education Code.

Donations to charitable organizations deducted from salary or wages likewise need not receive approval of the married employee's spouse. Charitable donations are similar to union dues in that the employee undertakes no enforceable obligation to pay any sum; rather, the deduction system serves as an alternate method of donation that the employee may exercise at his or her discretion. As with dues checkoffs, the purpose of charitable deductions is to provide employee, employer, and charitable organization with a simple, efficient method of transferring funds. The essential requisites for a charitable donation or gift are (1) capacity of the donor, (2) intention of the donor to make a gift, (3) completed delivery of the gift to or for the donee, and (4) acceptance of the gift by the donee. In re Greenberg's Will, 286 N.Y.S. 56, 58 (N.Y. Surrogate's Ct. 1936), Black's Law Dictionary 619 (5th ed. 1979). Moreover, a valid donation requires the donor to divest himself or herself of title and control of the gift without expectation of its return. Walker v. Commissioner of Internal Revenue, 91 F.2d 297, 298 (5th Cir. 1937). A charitable deduction, therefore, does not become a donation until it has been transferred to the particular charity. The authorization for such a deduction does not amount to an enforceable obligation and may be terminated by the employee at any time. Consequently, such deductions do not constitute indebtedness within the purview of section 2.07.

Deductions for payments of installments on loans and insurance premiums are more likely to be categorized as indebtedness, for either may arise in connection with a credit or consumer transaction. See Ins. Code art. 3.53, §2B(5); V.T.C.S. art. 5069-11.01. However, the amount of indebtedness, if any, and method of repayment are fact determinations, dependent upon the terms of each contract. Absent more specific information concerning such deductions, we cannot categorically conclude that they constitute indebtedness as required by section 2.07.

## S U M M A R Y

Section 2.07 of the Texas Education Code requires a married employee to obtain his or her spouse's consent for salary deductions only when such deductions are offered as security for a valid and enforceable obligation. Deductions for dues and charitable donations do not require spouse's consent. Deductions for loan payments and insurance premiums may constitute indebtedness but such a determination is dependent upon the terms of individual contracts.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
Jon Bible
David Brooks
Colin Carl
Jim Moellinger
Nancy Sutton