56　149
75　 97

## W. J. JONES v. R. F. GEORGE.

(Case No. 814.)

1. When from the nature of the article sold its value and peculiar properties can be determined only by scientific knowledge possessed by the vendor, and of which the purchaser is ignorant, the doctrine of *caveat emptor* does not apply.

2. WARRANTY.— A druggist selling drugs to a customer impliedly warrants that they are of the character called for.

3. MEASURE OF DAMAGES.— A planter deceived by a druggist in a compound for destroying the cotton worm, whereby his crop was lost, cannot recover as damages the estimated value of the crop which might have been saved; such damages are too remote and conjectural.

4. LIMITATION.— Limitation will not apply to an amended petition which simply amplifies and makes more specific the representations contained in the original petition, if the original petition states the cause of action and was filed in time.

On the 10th day of October, 1875, W. J. Jones brought this suit in the district court of Galveston county against R. F. George, to recover on the breach of warranty. The petition and amendments alleged that in the year 1873

appellant was engaged in growing Sea Island cotton in the county of Galveston; that he had at great trouble and expense planted and cultivated about one hundred and sixty acres of land in said cotton; that in July of that year his cotton was in a flourishing condition, when the cotton worm made its appearance in the same; that George was then, and had been for a long time previous thereto, a druggist, engaging in that business in the city of Galveston. Appellant had been informed by appellee and others that the worm might be destroyed by the use of "Royall's patent" for killing worms, the principal ingredient of which was Paris green; that he obtained a small portion of what appellee told him was Paris green, and applied it to the cotton to ascertain whether or not it would injure the plant; that after trying the same he became satisfied that it did not injure the plant; that this trial was made before the worm made its appearance; that so soon as he ascertained that the worm was in his cotton, he applied to George for Paris green, for the purpose and with the intent of using the same in destroying the worm; that appellee was informed and knew that it was to be used in that way; but in fact and in truth the appellee sold and delivered him some other and harmless drug as and for Paris green; that appellant knew nothing about drugs, etc., and relied entirely upon appellee to furnish the Paris green; that at great trouble and expense, to wit, $218.60, he applied the compound to the cotton in accordance with the patent; that if the same had been Paris green it would have destroyed the worm without injury to the cotton; but that the drug furnished to him by George as and for Paris green was harmless and did no injury to the worm. That by reason of all which he lost his entire crop of one hundred and twenty-four acres of cotton; avers that the same would, if it had been saved from the worm, made him $20,000. He sued for that sum as damages. By amendment filed De-

cember 13, 1875, Jones represented "that the defendant, well knowing the purpose for which the Paris green was desired by him, sold, delivered and fully warranted the drug sold as aforesaid to petitioner as genuine Paris green, but the said drug so sold was not Paris green, but was some other harmless drug."

The appellee filed general and special exceptions, and also answers not necessary to notice. Appellee's demurrers to appellant's original and amended petition were sustained.

*George P. Finlay*, for appellant.

*Willie & Cleveland*, for appellee.

I. Until the amended petition of December 13, 1875, there was no allegation, in terms, that defendant warranted the article sold to be Paris green. Neither was it anywhere alleged that defendant was guilty of any fraud in the sale, or that he knew the article sold was not Paris green. Unless, therefore, the averments of the two first petitions make out a case of implied warranty, they were subject to demurrer for showing no cause of action. If the amendments contained in the two last petitions cure this defect, it is by reason of adding the allegation that the defendant *warranted* the substance sold to be Paris green, and they thereby set up a new and different contract and cause of action, arising more than two years before they were filed, and which are therefore barred by the statute of limitation. This is not a case like Lee *v.* Boutwell, 44 Tex., 151, where the difference consisted in the manner of stating the form of the breach. Governor *v.* Burnett, 27 Tex., 32; Williams *v.* Randon, 10 Tex., 74; Thouvenin *v.* Lea, 26 Tex., 612.

II. The authorities that tend to engraft upon the common law rule the civil law doctrine of *caveat venditor* qualify that rule only thus far: when the means of observation are not equally open to both parties there is an

implied warranty. This qualification does not allow the purchaser to refuse to examine where he can, although the investigation would be fruitless. He is protected only when an examination would be impossible. 1 Pars. on Con., 584; Deming v. Foster, 42 N. H., 165.

III. When goods are ordered of a merchant, to be thereafter delivered, then there is no opportunity for the purchaser to examine, and the law implies a warranty that they should be of the kind bargained for and suited to the particular purpose. Brantly v. Thomas, 22 Tex.; 270. In an executory sale there is such a warranty, whereas in an executed sale — like the present — there is not. 1 Pars. on Con., 584; McClung v. Kelley, 21 Iowa, 508; Deming v. Foster, 42 N. H., 174; Port Carbon Co. v. Graves, 68 Pa. St., 149.

WATTS, J. COM. APP.—By the amended petition appellant represented that appellee warranted the drug sold and delivered to him to be genuine "Paris green;" the appellee excepted to the amendment on the ground that it asserted a new cause of action, and that more than two years had elapsed between the breach of the warranty and the assertion of the same by the amendment.

The cause of action was stated in the original petition; the amendment but amplified the representation contained in the original. There was no new cause of action set up in the amendment, and therefore the statute of limitations had no application.

It is claimed that in the sale of chattels, where the purchaser has an opportunity to examine before the purchase is made, that the common law rule of *caveat emptor* applies without exception. As a general rule, the doctrine does apply in the purchase of chattels, when an opportunity for examination by the purchaser is shown. But where, from the nature of the article, or the peculiar character of the business in which the same is being sold,

it is shown that an examination would not avail the purchaser anything, it might constitute an exception to the general rule, dependent upon the circumstances of each particular case.

The appellee was engaged in the business of a druggist, holding himself out to the public as one having the peculiar learning and skill necessary to a safe and proper conducting of the business. The general customer is not supposed to be skilled in the matter, and, as represented in this case, does not know one drug from another; but in the purchase of drugs, the customer must rely upon the druggist to furnish the article called for; and in this particular business, the customer who has not the experience and learning necessary to a proper vending of drugs would not be held to the rule that they must examine for themselves. It would be but idle mockery for the customer to make the examination, when it would avail him nothing.

On the contrary, the business is such that in the very nature of things the druggist must be held to warrant that he will deliver the drug called for and purchased by the customer. If, as claimed, the appellee delivered to appellant some harmless or useless drug instead of the Paris green asked for by appellant, he would be held liable for the damages resulting from the act as a natural or legal consequence.

We conclude that the court below erred in sustaining the appellee's exceptions and dismissing the suit.

In view of a trial in the court below, it is deemed proper to indicate our opinion as to the correct rule as to this character of cases in measuring the damages.

No principle is more firmly established than that remote and speculative damages cannot be recovered on account of the breach of contract, when that breach is unmixed with the elements of force or fraud.

Taking as true the representations in appellant's peti-

tion, he would be entitled to recover the actual expenses incurred in the purchase and application of the compound to the cotton, and the loss of time necessary therefor, together with every other element of actual damages that results to him as a natural or legal sequence from the breach of warranty.

But as to what the cotton would have made had the worm been destroyed, is a matter of conjecture depending upon various contingencies, and would be remote and speculative, and therefore not recoverable in the absence of express stipulation binding the party in that particular.

The judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 30, 1882.]