The Sabine & E. T. R'y Co. v. H. W. Joachimi.

(Case No. 1545.)

1. DAMAGES, MEASURE OF.— The plaintiff gave a railway company free right of way across his land, but stipulating that it should not cause an overflow of water on his field, which the road contracted that it would observe by constructing a water-way large enough to prevent overflow. The road violated its contract by constructing an insufficient water-way (which it failed to remedy when cautioned by plaintiff that it would cause him injury), whereby much of plaintiff's growing crop of vegetables was destroyed and unplanted ground injured, greater labor being required to prepare it for planting by reason of the overflow. In an action for damages against the company, held,

(1) The damages to which plaintiff was entitled were such as are recoverable in an action of trespass.

(2) The plaintiff was entitled to recover only actual damages.

(3) The measure of his actual damage to the growing crops was the difference between the value of such crops immediately after the injury and their value immediately before.

(4) The inquiry as to value should be confined to the very time of the destroying flood, and the very place where it occurred, and should not extend to the date of the maturity of the crops nor to the place where it would usually find a market.

(5) The measure of damages for injury to the unplanted ground would be the cost and expense of restoring the land to its former condition, and the loss occasioned by being deprived of the use of the same, with interest. No account of

loss of profits by consequent delay in getting the crop to market can enter into the estimate.

(6) The rule for damages here announced is confined to the exact state of facts made by the record.

APPEAL from Jefferson. Tried below before the Hon. W. H. Ford.

The opinion sufficiently states the case.

*O'Brien & John*, for appellant.

. . . III. The court erred in permitting plaintiff to testify (as a witness) what would have been produced by his ground that was planted in certain vegetables, growing at the time of the flooding of his land, and what gross sums would have been realized for each kind and lot of the vegetables in the Beaumont market if the ground had not been overflowed by water, without any attempt at the proof of the expense to be incurred in cultivating them to maturity and in marketing them, as a measure of the damages of plaintiff sustained by the flooding of his lands, over the objection of defendant that such was not the legal method of proving plaintiff's damages, but that he should prove his actual loss, with interest thereon, etc. Smith v. Sherwood, 2 Tex., 464; Close v. Fields, 13 Tex., 626; Cole v. Tucker, 6 Tex., 266; Sedgwick on Damages, par. 36 and 37.

. . . VI. The court erred in the second and third sections of the charge, in that the jury was not sufficiently or correctly instructed as to the measure of damages in this cause. Mims v. Mitchell, 1 Tex., 443; Wright v. Wright, 3 Tex., 168; Carter v. Wallace, 2 Tex., 206; Paul v. Perez, 7 Tex., 345; Chrisman v. Miller, 15 Tex., 160; Denison v. League, 16 Tex., 406 *et seq.;* Thompson v. Shannon, 9 Tex., 537; Mitchell v. Zimmerman, 4 Tex., 78, 79; Love v. Wyatt, 19 Tex., 316; Oliver v. Chapman, 15 Tex., 408; Bradshaw v. Mayfield, 24 Tex., 482.

*Tom J. Russell*, for appellee.

. . . II. The court did not err in permitting plaintiff to prove the condition of his various crops, the amount of work performed in preparing land and in manuring the same, so that the jury could estimate the real value of the crop and the amount of the damages by the overflow of water caused by defendant's negligence. For the evidence given on the trial as to the nature of the damages in such cases, see H. & G. N. R. R. Co. v. Parker, 50 Tex., 330; Hope v. Alley, 9 Tex., 394; 30 Tex., 224; Simmons v. Brown, 5 R. I., 299, in Sedgwick's Leading Cases on Measure of Damages, 694, and cases cited.

WILLIE, CHIEF JUSTICE.— Appellee sued the Sabine & East Texas Railway Company to recover damages for the loss of a growing crop of vegetables and for temporary injury to land caused by an overflow of water, resulting from the negligent manner in which appellant's railway was constructed upon land of appellee at and near the place where the damage occurred.

The petition charged that plaintiff below gave the company the right of way across the land free of cost, but with a stipulation that the road should be so constructed that it should not cause an overflow of water on the premises of the plaintiff, and over his field in particular; and that defendant promised that the passage way for the water through the grade of the road should be sufficiently large to carry off all drainage water from the surface of the land on the east side of the grade, the natural drainage of the water falling on plaintiff's premises being from east to west, and said premises lying west of the railroad. It was charged that the road, instead of being constructed in this way, was so negligently built that it did not allow free egress to the water, but backed it upon plaintiff's garden and premises to some depth, causing the destruction of a large portion of the crop of vegetables which he was growing for market, and injuring the unplanted ground in such a manner as to delay its preparation for use, and render it more difficult of cultivation.

It was also charged that previous to the date of the injury complained of, the attention of the company's agent was called by plaintiff to the manner in which the road was constructed, and to the damage that must naturally result to the premises in case of a heavy fall of rain, and that the agent promised to remedy the defects in the road, but it was never done. Plaintiff claimed as the measure of his damages what the crop would have brought in the market at Beaumont, the county site of Jefferson county. As damages to the unplanted land, he claimed the value of the additional labor required to prepare it for planting, and which would not have been necessary had the soil not been hardened by the overflow. He further claimed that he was thereby delayed in planting this portion of his crop, and hence was later in getting it to market, and obtained, for this reason, a less price for it, as vegetables always sold better early than they did late in the season. He also alleged the defendant's negligence to have been wilful, and claimed punitive damages.

A demurrer and general denial were pleaded by defendant. Upon the trial plaintiff offered himself as a witness to prove the contract between himself and the company. Defendant objected on the ground that the contract was admitted to be in writing, and was

the best evidence of its contents, and that defendant had not received notice to produce it on the trial, and hence parol evidence was inadmissible. The court overruled the objection, and the plaintiff was allowed to give parol evidence of its contents. The testimony on the part of the plaintiff substantially supported the averments of his petition, the proof being, however, that a large portion, and not the whole of his crop, was destroyed. In some particulars there was conflicting evidence offered on the part of the defense. Among other things, that the plaintiff was allowed to prove, over the objection of defendant: "What would have been produced by his ground that was planted in certain vegetables which were growing at the time of the flooding of his land, and what gross sums would have been realized for each kind and lot of the vegetables in the Beaumont market, if the ground had not been overflowed by water." Among other objections interposed to this evidence was that "it was not the correct and legal method of proving the damages of plaintiff, but that he should prove his actual loss with interest thereon from the time it occurred, and any profits only which plaintiff was by defendant's acts prevented from making." The charge of the court as to the measure of damages in case the allegations of the petition were sustained was substantially as follows: "That the jury would find such sum of money by way of actual damages, as they believed, from the evidence, the plaintiff had sustained to his crop, and extra labor incurred thereby, as alleged in his petition (if any), by reason of such overflow of water," etc.

The jury found for the plaintiff $500, and judgment was entered accordingly; and a motion for new trial having been overruled, defendant appealed, assigning as error, amongst other things, the ruling of the court as to the measure of damages, as set forth in his bill of exceptions.

The case made by the petition and by the plaintiff's evidence is that of a breach of contract for building the railroad in a specified manner, and the wrongful and negligent construction of it in such a way as to injure the plaintiff's property in a material degree. The damages are therefore such as are recoverable in an action of trespass; more especially as, after notice to the defendant that they were almost certain to occur, it did nothing to provide against them, but negligently permitted the road to remain in the same condition, thereby endangering the rights and property of the plaintiff.

It is to the exact state of facts as made by the record that the rule of damages established in this opinion is to be confined. The court below did not lay down any special measure of damages, but

merely charged the general principle that the plaintiff should re- cover his actual damages and the value of the extra labor caused by the overflow.   That the plaintiff was entitled to recover only the actual damages consequent upon the partial loss of his crop is correct upon the facts proved; but what is the measure of such actual damages?   The court should have instructed the jury upon this question; and whilst its failure to do so might not be error, when no proper charge on the point was asked by the defendant, its admission of evidence to prove a particular measure of damages must have had a tendency to mislead the jury, and make them believe that such was the measure authorized by the facts.   We are of opinion that in the admission of this testimony the court erred, and for such error the judgment must be reversed.

We have no decisions of our own court establishing the measure of damages in·such a case as this, and but few of other courts exactly adapted to the facts proven on the trial below.   In cases of contract, at least, the tendency of our decision has been not to allow the recovery of profits the least uncertain in their character. Stark v. Alford, 49 Tex., 260; Jones v. George, 56 Tex., 149.   Nor should they be allowed in a case like the present, although more nearly assimilated to an action of trespass, unaccompanied by any acts of oppression, malice or wilful and gross misconduct on the part of the wrongdoer.

Damages are allowed for the purpose of placing the injured party as near as possible in the same condition as he was at the moment the injury occurred.   When loss of property has happened, the value of that property at the date of the loss, with interest from that time till judgment, is considered a fair compensation.   Where a partial loss has resulted the same rule should prevail; but the more accurate manner of arriving at its value, would be to deduct its worth immediately after the injury from what it was immediately before.   And such we deem the reasonable rule in the cause now under consideration.   The jury should have ascertained the value of the vegetables lost by the flood, or the difference between the value of those saved and the whole crop before the overflow damaged it; and, counting the interest upon such value from the date of the injury down to the date of their verdict, have found that amount for the plaintiff, if they concluded he was entitled to damages at all. Such inquiry as to value should be confined to the very time of the destroying flood, at the very place where it occurred, and should not be extended to the date of the maturity of the crop, nor to the place where it would usually find a market.   The value of a grow-

ing crop of vegetables may be difficult of estimation, but it has a value different at the various stages of its growth, which may be readily established, and to the proof of this should the evidence be confined.

We are not without authority for the rule of damages laid down in this opinion. Mr. Field in his work on Damages, § 742, says that when by the wrongful act of the defendant the lands of the plaintiff have been injured by overflow, he may recover as damages, when the injury is less than a total destruction of his rights, but of a permanent character, the difference between the value of the property before the injury and immediately after. When the injury is to the crop growing upon the land, the same rule would be a just and equitable one. See also Schuylkill v. Farr, 4 Watts & S., 362.

So in Foote v. Merrill, 54 N. H., 490, it is said that the measure of damages for destroying plaintiff's trees was their value as they stood on the land at the time. So in Gresham v. Langton, 51 Ala., 505, it was suggested that when growing crops were destroyed, the value of the crops at the time might be taken as the measure of damages; and the amount of probable crop, had not the injury been committed, could not be considered.

As to the injury caused by the overflow upon the land upon which no vegetables had been planted at the time of overflow, the rule of damages is more difficult to lay down. It is believed, however, that the correct rule is that which is thus expressed by the same author in the section above quoted. When the injury is of a slight or temporary character, it is the duty of the injured party to use reasonable care to protect himself from injury, and he may recover such damages as cannot thus be avoided, together with reasonable expenses and value of time spent for this purpose. Field on Damages, § 742. In this case it would be the cost and expense of restoring the land to its former condition, and the loss occasioned by being deprived of the use of the same, with interest. Id. But no account of loss of profits by consequent delay in getting the crop to market should enter into the calculation.

We deem it unnecessary to express any opinion upon the ruling of the court upon the objections to the oral testimony offered to prove the contract by which the right of way was granted, as upon another trial the proper notice to produce the instrument can be given, or the pleadings can be so amended as to charge its possession to be in the defendant, and thus do away with all question upon the subject. And we pass by the general demurrer of defendant to

the petition, as the latter can be amended so as to claim damages in accordance with this opinion, or a demurrer can be framed to reach the very defect in it complained of in this court.

For the error of the court in admitting the testimony offered by plaintiff as to the measure of damages, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 30, 1883.]