AUSTIN TERM, 1887.

Mo. Pac. R'y Co. v. Marion Johnson et al.

(No. 5144.)

Appeal from Dallas County.   Opinion by Willson, J.

Leake & Henry, counsel for appellant.

No counsel appeared for appellees.

§ 275. *Petition in suit for damages for negligence in construction of railway, held insufficient on special exception; case stated.* Appellees sued appellant to recover damages for flooding and destroying their crops, alleging that said flooding and destruction was caused by the negligent and careless construction and maintenance of its railroad.   They recovered judgment for $224 and costs.   In their petition appellees allege that appellant "so negligently and carelessly kept, constructed and maintained its said line of said railroad that it caused the water to collect and back over, and inundate and overflow" said crops and destroy the same.   Appellant excepted specially to this portion of the petition because it did not show wherein said railroad was defectively or negligently constructed.   This exception was overruled. *Held* error.   Appellees should have stated their cause of action by distinct averments and with such particularity as to be reasonably sufficient to inform appellant of the acts or omissions relied upon as constituting the negligence complained of.   [W. & W. Con. Rep. § 447; R'y Co. v. Bayless, 62 Tex. 570.]   While the allegations as to negligence would be held sufficient upon general demurrer, they are not sufficient when specially excepted to.

§ 276. *Measure of damages; petition should allege facts which constitute.* In this case the proper measure of damages would be the market value of the crops injured or destroyed at the time of such injury or destruction. [W. & W. Con. Rep. §§ 298, 482; R'y Co. v. Joachimi, 58 Tex. 456; R'y Co. v. Young, 60 Tex. 201; R'y Co. v. Bayless, 62 Tex. 570.] It was therefore essential to allege in the petition such market value, and there being no such allegation the petition was insufficient and the general demurrer thereto should have been sustained. [R'y Co. v. Bayless, 62 Tex. 570.]

April 30, 1887.           Reversed and remanded.