THE GULF, COLORADO & SANTA FE RAILWAY COMPANY v. J. E. JONES.

No. 35.

1. **Pleading—Allegation and Proof—Special Exception.**—Attempts to take advantage of a defective pleading by objections to the admissibility of evidence are not regarded with favor; and where no special exception has been urged against such defect, the pleading will, in this respect, be liberally interpreted.

2. **Damages — Measure of, for Grass Consumed.** — Where plaintiff sues for damages occasioned by permitting stock to enter his pasture and depredate thereon, the measure of his damages, as to the grass consumed, is its value at the time of its consumption, with legal interest thereon, to be computed to the time of trial.

3. **Charge of Court — Harmless Error.** — An error of omission in the charge of the court, where no special instruction was asked covering such omission, and where it does not appear from the record that the jury were misled by such error, will not be ground for a reversal of the judgment.

APPEAL from Collin.    Tried below before Hon. H. O. HEAD.

*J. W. Terry* and *Alexander & Clark*, for appellant.—1. It is the duty of the trial court to correctly charge the jury as to the measure of damage by which they are to be governed; and the necessity of a correct charge on this question is much greater where incompetent evidence has been admitted over objection, and may have misled the jury in their conclusion.    Railway v. Joachimi, 58 Texas, 460; Railway v. Hedrick, 7 S. W. Rep., 353; Hudson v. Morriss, 55 Texas, 595; Barkley v. Tarrant County, 53 Texas, 251.

2.    Where the charge of the court, construed with reference to the averments in the petition and evidence in the case, is erroneous, a judgment rendered thereunder will be reversed.    Loving v. Dixon, 56 Texas, 75;

Hudson v. Morriss, 55 Texas, 595; Railway v. Terry, 42 Texas, 451; Love v. Wyatt, 19 Texas, 312; Earle v. Thomas, 14 Texas, 583; Salinas v. Wright, 11 Texas, 572; Wetmore v. Woodhouse, 10 Texas, 33.

*M. H. Garnett* and *Muse & Mangum*, for appellee.—1. Great liberality has uniformly been indulged in favor of a pleading where no special exception has been made; and where the exception to it is sought to be raised by an objection to the evidence, the same will be overruled, except where the plea would be held bad on general demurrer. Black v. Drury, 24 Texas, 291; Holstein v. Adams, 72 Texas, 489; Railway v. Preston, 74 Texas, 183; Gaines v. Salmon, 16 Texas, 312; Deaton v. The State, 44 Texas, 447; Sayer v. Devore (Mo.), 13 S. W. Rep., 203.

2. The property injured was alleged and shown to have been adapted for and used as a pasture, and appears not to have been such property as is ordinarily the subject of sale; and it was the right of the owner to have his damage measured by the extent of the injury to it for the purpose to which it had been appropriated. Railway v. Wallace, 12 S. W. Rep., 227; Railway v. Hogsett, 67 Texas, 687; Railway v. Helsley, 62 Texas, 593; Railway v. Pape, 73 Texas, 501.

TARLTON, Chief Justice.—This is an appeal from a judgment rendered in the District Court of Collin County, in favor of appellee as plaintiff and against appellant as defendant, for the sum of $500.

The suit was brought to recover damages amounting to $800, alleged to be due to the action of appellant in pulling down appellee's pasture fence while building its line of railway, and to appellant's failure to construct proper cattle guards, and in permitting stock to enter appellee's pasture and to remain depredating thereon.

On the trial, the plaintiff introduced witnesses who testified as to the injury from incursions or depredations of stock, fixing upon the injury to the grass with reference to its use as a pasture, and also upon the injury to the sod and permanent injury to the pasture. To this testimony the defendant objected, " because there was no allegation of permanent injury to the pasture or to the sod, but that the only allegation of injury in this connection was as to the grass.'' The action of the court in overruling this objection is assigned as error.

Among the allegations in the petition are the following: " Large numbers of horses, hogs, mules, cattle, and sheep went into said enclosure and trespassed upon the same from the 1st day of July, 1886, until the 31st day of January next following, and ate up and tramped down and destroyed the grass growing upon plaintiff's said pasture; that plaintiff's said pasture was grazed down and tramped up to such an extent by the stock that the grass thereon was destroyed and killed, and that it did not furnish a sufficient pasturage for plaintiff's stock during the winter and

spring of 1887; that for four months during the year 1886 the defendants unlawfully caused 200 head of its stock to be herded in plaintiff's enclosure."

The term "pasture" includes not only the grass growing upon the ground, but the ground or sod itself upon which the grass grows; and when, in connection with the remaining averments set out, it is alleged, in effect, that the ground or sod was so "tramped up" that "the grass growing thereon was killed," we think, in the absence of special exception, at least, that this averment should be held to charge injury to the sod, or permanent injury. No special exception on account of the absence of such an allegation was addressed to the petition. Attempts to take advantage of a defective pleading by objection to the admissibility of evidence are not regarded with great favor. The pleading, on the other hand, is under such circumstances liberally interpreted. Black v. Drury, 24 Texas, 289; Holstein v. Adams, 72 Texas, 489.

The plaintiff testified, among other matters, as follows: "The value of the use of the grass from September 2 to the last of June was $200 per month. During this time I had about 80 or 100 head of my own stock in the pasture. There were as many or more stock in there during all of said time than those that belonged to me." The defendant objected to this testimony, because it was not shown that the "use by defendant or the occupancy of the pasture by defendant was exclusive, or that plaintiff had no use of same during that time, or that the grass was totally destroyed."

Appellant assigns as error the overruling of this objection, contending that the testimony as to the value of the use of the pasture during the period named is "irrelevant and misleading as indicating a measure of damages, since the value as a pasture was shared by plaintiff and the destruction was not total."

It would, in our opinion, have been difficult for a jury to estimate the damage arising from the partial use of the pasture by defendant's stock, in the absence of proof as to the value of the use of the entire pasture for the term stated. The value of the use in part which the jury had to determine could best be ascertained by the knowledge of the use of the pasture in its entirety. As the use of the pasture by defendant was not exclusive, it was the duty of the court to guard it against being liable to the extent of the use by plaintiff's stock. This the court in its charge amply did. The assignment is therefore without merit.

Appellant's third assignment of error is as follows: "The court erred in its charge to the jury, viz.: 'If you find in favor of plaintiff, the measure of his damage will be such sum as will, as a present payment in cash, fairly and reasonably compensate him for the value of any of the growing grass on said pasture that may have been eaten by stock not belonging to him, and which stock entered through the opening or openings

you may find were wrongfully left by defendant, as aforesaid; *also for any damage to the land as a future pasture that may have been caused by such stock tramping down the sod thereon.'* In this the court erred in fixing upon such sum as will 'as a present payment in cash,' and indicated an improper measure of damage because the estimate of damage would be reckoned from the extent of the injury at the time of occasion, with 8 per cent interest; and said charge was further objectionable in that the jury were directed to consider 'the value of any of the growing grass, *also any damage to the land* as a future pasture,' whereas there was no allegation of permanent injury to the land, or permanent injury to the pasture."

We have already held to be untenable the proposition contained in the foregoing assignment, to the effect that there was no allegation of permanent injury to the pasture, and hence no basis for an instruction in regard to "damage to land as a future pasture." We are hence brought to the inquiries: 1st. Did the court err in submitting as a measure of damage "such sum as will, as a present payment in cash, fairly and reasonably compensate the plaintiff for the value of any of the growing grass on said pasture that may have been eaten by stock not belonging to him?" 2nd. Does this instruction, if erroneous, require a reversal of the judgment?

Reading this charge in connection with the evidence, it is apparent that the court meant, and that the jury must have understood, that the value mentioned referred to the value of the grass at the time of its consumption. According to the rule the proper measure of damage was the value of the grass at this date, with 8 per cent interest, to be computed to the time of the trial. Railway v. Joachimi, 58 Texas, 456; Railway v. Young, 60 Texas, 204. The reason for the rule evidently is, that by this test the jury can best estimate what, as a payment in cash at the time of the trial, will serve as a fair and reasonable compensation for the property (in this case the grass) consumed. The court in this instance instructed the jury as to the proper end to be kept in view in its deliberations. It only failed to charge the jury as to the means by which that end could be reached. The error was, therefore, one of omission and not of commission. Appellant has failed to show that any improper evidence was admitted by the court, misleading the jury in seeking the proper assessment of damages. Under such circumstances it would seem to have been the duty of the appellant to ask a special instruction covering the omission. Railway v. Joachimi, 58 Texas, 460; Railway v. Delahunty, 53 Texas, 213. Besides, appellant offered no evidence on the trial. It acquiesced in the error of omission referred to, which we can not, from the record, apprehend to have in any way misled the jury to the prejudice of appellant. Such error does not call for a reversal of the judgment. Hollingsworth v. Holshousen, 17 Texas, 47; Cook v. Wootters, 42 Texas, 294; Houston County v. Dwyer, 59 Texas, 114.

We are unable to sustain appellant's fourth assignment of error, to the effect that "the verdict was excessive, because the only competent evidence as to damage to the pasture was too intangible and uncertain to estimate." There was evidence from which the jury could deduce the value of the grass destroyed by stock trespassing on the pasture on account of the negligence of appellant, which with other sources of damage not complained of by appellant would amply justify the amount of the verdict.

The judgment is affirmed.

*Affirmed.*

Delivered November 22, 1892.

Justice Head did not sit in this case.