**TEXAS PIPE LINE CO. v. HILDRETH et al.**
(No. 9336.)

(Court of Civil Appeals of Texas. Ft. Worth. June 12, 1920. Rehearing Denied Oct. 16, 1920.)

Eminent domain ⬉110—Special damages for water supply to cattle held too speculative.

In condemnation proceedings for an oil pipe line, special damages on ground that oil would contaminate water supply for cattle, and that persons inspecting the pipe line would frighten cattle from drinking at their usual places, cannot be recovered, because too speculative and remote.

Appeal from District Court, Parker County; E. A. Swafford, Judge.

Eminent domain proceedings by the Texas Pipe Line Company against V. O. Hildreth and others and against George W. Birchfield and another, consolidated and tried together. Judgments for defendants, and plaintiff appeals. Reversed and remanded for new trial.

A. B. Flanary, of Dallas, and Preston Martin, of Weatherford, for appellant.

Hood & Shadle and Shropshire & Bankhead, all of Weatherford, for appellees.

DUNKLIN, J. The Texas Pipe Line Company instituted proceedings for condemnation of a right of way for the construction of a pipe line for the transportation of oil and gas on a tract of land owned by V. O. Hildreth

and his two children, V. O. Hildreth, Jr., and Mrs. G. L. Cline, and another tract owned by George W. Birchfield and Mrs. Talton Embry, both tracts being situated in Parker county. The county judge appointed commissioners to assess the damages for such condemnation. Those commissioners made their report, and the owners of the land, not being satisfied with the damages awarded by the commissioners, filed their opposition thereto. Thereafter the controversies were tried in the county court before a jury; the two suits, one against the Hildreths and the other against Birchfield and Mrs. Embry, being consolidated and tried at the same time. Judgment was rendered in favor of the Hildreths against the Texas Pipe Line Company for the sum of $3,172.42, and in favor of George W. Birchfield and Mrs. Embry for the sum of $1,455.20, from which judgments the Texas Pipe Line Company has prosecuted this appeal.

The Hildreth tract of land, traversed by the proposed pipe line, consisted of 3,294.2 acres, of which 5.8 acres was to be taken for right of way purposes. The jury by their verdict fixed $290 as the value of that 5.8 acres, and assessed the damage to the remainder of the tract not taken at $2,882.40. The Birchfield and Embry tract consisted of 1,398¾ acres, of which 1¼ acres was to be taken, and was valued by the jury at $5,625, and damage to the rest of that tract was assessed at $1,298.75. Article 6520, V. S. Tex. Civ. Statutes, governing in condemnation for such purposes, is as follows:

"When only a portion of a person's real estate is condemned, the commissioners shall estimate the injuries sustained and the benefits received thereby by the owner as to the remaining portion of such real estate; whether such remaining portion is increased or diminished in value by such condemnation, and the extent of such increase or diminution, and shall assess damages accordingly."

The proof showed that the right of way for the pipe line was 16 feet wide and ran diagonally through the two tracts of land, and that the pipe line would be laid in a trench about 14 inches wide and 26 inches deep. In their pleadings defendants alleged special damages in several particulars that would be caused to their lands not taken for right of way purposes as a result of the construction and maintenance of the pipe line, all of which would depreciate the market values of those lands. One of the items of such special damages was the alleged necessity of providing additional water supplies for cattle in the pastures, by reason of the fact that the pipe line will run near the well and water supply on each of said tracts and contaminate the water, and cattle in the pastures will be so frightened and disturbed by plaintiff's pipe line walkers along said pipe line that they will be deterred from drinking at those places, by reason of all of which said owners will be compelled to incur the expense of supplying other watering facilities. Another item of such special damages was the alleged injury to cattle kept on said lands by reason of the fact, as alleged, the animals will be rendered nervous, restless, and will be caused to run through fright at plaintiff's line walkers and other employes passing along and over its said right of way from time to time. Still another item of special damages alleged was the inconvenience in passing over said right of way, and the expense which it was alleged defendants will be compelled to incur in the construction and maintenance of crossings over said right of way in the event plaintiff shall fence it.

Special exceptions were addressed to those allegations of special damages to the lands not taken, on the ground that they were indefinite, vague, uncertain, and too remote and speculative. But those exceptions were overruled, and error has been assigned to that ruling. Testimony was also introduced to prove such special damages, and in his charge the trial court instructed the jury, in effect that such testimony could be considered in determining the amount of depreciation, if any, in the market value of the portions of said tracts that were not taken for right of way purposes, by reason of the construction and maintenance of the proposed pipe line, but that such testimony could not be considered for any other purpose. We are of the opinion that the court erred in overruling those special exceptions, and in instructing the jury that testimony introduced to support those allegations could be considered for the purposes already stated. The following is a statement in 15 Cyc. pp. 715–717, of the general rule for estimating prospective damages in such cases:

"In estimating the damages to the residue of a tract of which a part is taken, such prospective damages should be included as will naturally result from the permanent appropriation of the property for public use. However, only such injuries as are capable of ascertainment at the time of the construction of the improvement should be considered. The general rule is that damages, to be recoverable, must be direct and certain. Contingent or speculative damages, such as speculative profits, will not be allowed. Likewise damages which are too remote or indirect to form the proper basis for a recovery should be excluded from consideration."

In 8 R. C. L. p. 438, it is said:

"The damages recoverable in any case must be susceptible of ascertainment with a reasonable degree of certainty, or, as the rule is sometimes stated, must be certain both in their nature and in respect to the cause from which they proceed. Therefore uncertain, contingent, or speculative damages cannot be recovered, either in actions ex contractu, or in actions ex delicto."

See, also, I. & G. N. Ry. Co. v. Benitos, 59 Tex. 326; Jones v. George, 56 Tex. 149,

42 Am. Rep. 689; Tex. Mid. Ry. Co. v. S. W. Tel. & Tel. Co., 57 S. W. 312.

The proof showed that the Hildreth lands were divided into three different pastures and that all those owned by all the plaintiffs were used exclusively for grazing and feeding cattle. But there was no evidence to show just how frequently employes of plaintiff company would probably pass over the right of way, nor whether plaintiff company will, as a matter of fact, fence its right of way, nor just how the water in defendants' wells probably will be contaminated, if at all, by the presence of the pipe line, nor that cattle are so uniformly wild as to be so frightened at persons passing along the right of way that they will not take water at the wells located near thereto and will become so excited and nervous that they will not thrive properly. Indeed, all such possible consequences, in their very nature, are so uncertain, speculative, and remote as to be incapable of proof for the purpose of showing special damages to the land, not taken for right of way purposes.

For the reasons stated, the judgments of the trial court in both suits mentioned are reversed, and the causes are remanded for another trial.