## FLAXMAN & McKENZIE v. J. S. & W. M. RICE.

(Case No. 2002)

1. SUIT FOR DAMAGES—PETITION—PLEADING—A petition which fails to show that the plaintiffs have been deprived of any right or that the defendants have been guilty of any wrong, presents no case for damages.

APPEAL from Tyler. Tried below before the Hon. W. H. Ford. The case will be understood from the opinion.

*Hal W. Greer*, for appellants, on the proposition that the court erred in sustaining defendants' general demurrer, cited: Rule 17 of district court; G. W. T. & P. R'y Co. *v.* Montier, 61 Tex. 122; McKue *v.* McKlein, 60 Tex. 168; Whetstone *v.* Coffey, 48 Tex. 271; Williams *v.* Warnell, 28 Tex. 611; Lambeth *v.* Turner, 1 Tex. 367; Marsan *v.* French, 61 Tex. 173; Linard *v.* Crossland, 10 Tex. 463; Armendaiz *v.* Stillman, 54 Tex. 623; 1 Addison on Torts, sec 51; Id., 79, 80, 97-99, 101, 102, 107, 109, and note 1; 3 Black. Comm. 123; Week's Damnum Absque Injuria,secs. 7-14; Sedgwick on Meas. Dam. 3d ed., p. 477, and note 2; Id., 481.

*O'Brien & John*, for appellees, cited: Gray *v.* Osborne, 24 Tex., 158; Sneed *v.* Moodie, Id., 160; Tex. Pl. and Pr., sec. 6.

ROBERTSON, ASSOCIATE JUSTICE.—The appellants alleged, as cause of action in the district court, that they were the owners of one hundred and sixty acres of land in Tyler county, ''near by, and convenient to, Hickory creek ;'' that the land was chiefly valuable for its timber, and that the timber could only be utilized when transported to the saw mills at Beaumont; that the means and route of transportation of timber from the vicinity of appellants' land to the mills was by floating down Hickory creek, into Village creek, down that into the Neches river, and thence down to the mills, and that for this purpose these streams constituted a public highway and the thoroughfare of the chief industry of that section. It was then alleged that plaintiffs had prepared their timber for shipment by this method, and that defendants, with force and arms, with intent to injure, fraudulently and unlawfully intercepted them in the transportation of their timber from their land to Hickory creek. It is averred that their progress to the creek was prevented by the defendants by profanity, threats and intimidation, by a demonstration with fire arms, and by cutting trees across the route.

It is not alleged that plaintiffs had any right of way from their land

to Hickory creek, or that they were on any public road, or that they had any right or interest in the land over which they were endeavoring to haul their logs, nor is it shown that the land they were trying to cross did not actually belong to defendants. They also allege that, when prevented from driving straight through to Hickory creek, they went round by the public road, and that the defendants then prevented them from reaching the creek by fencing the land on each side of the road, and having the fence to extend to the abutments of the bridge, and procured the road overseer to forbid them casting their logs into the creek from the bridge. All these acts are averred to have been done by defendants with intent to injure plaintiffs, and deprive them of the value of their timber and the profits of their land, wantonly, maliciously, unlawfully, fraudulently, and forcibly.

But it is not averred that plaintiffs owned any interest in the land on either side of the bridge, or that they had any sort of right of way from the public road down to the creek channel, or that defendants fenced any part of the road, or, indeed, that they fenced any but their own land. Nor is it averred that the plaintiffs had any right to use the bridge in putting their timber into Hickory creek, or that such use would not seriously interrupt its enjoyment as an indispensable section of the highway.

This is not an action for assault or battery, or for false imprisonment, but for damages caused by preventing the plaintiffs from getting their timber into Hickory creek. The plaintiffs have not alleged that they had any right to any of the ways or means they sought to use in the accomplishment of their purpose. They have, therefore, been denied no *right* by what they allege the defendants did. If the land over which plaintiffs purposed to haul their timber belonged to the defendants, they had the right to prevent plaintiffs' use of it, if they could do so, as they did, without committing a breach of the peace. If they owned the land on either side of the bridge, they had the right to fence it. If the use of the bridge by plaintiffs would obstruct a public highway, the defendants had the right to incite the road overseer to the discharge of his duty, to prevent the obstruction. The petition does not show that the defendants have done anything wrong.

Unless the defendants have done something wrong, or the plaintiffs have been deprived of some right, there can surely be no case for damages. The plaintiffs' petition shows that defendants' conduct has been decidedly exasperating, but it does not show that they have been off their own land, or that they have interfered in any way with the plaintiffs' free enjoyment of all their rights.

The general demurrer to the petition was properly sustained, and, as the plaintiffs declined to amend, there was no error in dismissing the suit. The judgment is affirmed.

AFFIRMED.

[Opinion delivered February 5, 1886.]