## The Denison & Suburban Railway Company v. The Denison Land & Investment Company.

### No. 782.

**Street Railway Corporation—Charter Powers as to Location of Line.**
   A street railway company has no right, under a charter authorizing a line running in one direction, to construct and operate a line running in a different direction, even though permission so to do be granted it by an ordinance of the city.

APPEAL from Grayson.  Tried below before Hon. T. J. Brown.

*Stratton & Moseley,* for plaintiff in error.

*R. C. Foster* and *A. E. Wilkinson,* for defendant in error.

LIGHTFOOT, Chief Justice.—This suit was instituted by the Denison and Suburban Railway Company in the District Court of Grayson County, to compel the Denison Land and Investment Company, by means of a mandatory injunction, to cease to operate its street railway over Houston avenue, a street in the city of Denison, and to remove from the center of said street the street railway which it was operating, so that the plaintiff might construct a street railway upon and along the center of said street and operate the same.  The petition also seeks the recovery of damages for interference with its alleged right to construct and operate a street railway over said Houston avenue, and for the unlawful conversion of rails which it had laid upon said avenue.

Defendant answered by general and special exceptions, a sworn plea denying that plaintiff had under its charter any right to build on Houston avenue, and a denial of plaintiff's right, and assertion of defendant's right to occupy Houston avenue under the ordinances passed by the city council.

Upon the trial, the court instructed the jury, in effect, that the plaintiff had no right to construct and operate a street railway on that part of Houston avenue used by the defendant's street railway, and submitted to their decision only the issue of damages for the alleged conversion.  Under the charge of the court, the jury returned a verdict

for the defendant, and from the judgment entered thereon this writ of error is prosecuted.

The material facts, as shown by the evidence on the trial, are as follows: Plaintiff was a corporation created by charter, on April 16, 1890, under and in accordance with the provisions of Chapter 1, Title 84 of the Revised Statutes, providing for the incorporation of railway companies. Article 2 of the charter of the corporation was as follows:

"Article 2. Said suburban railroad shall begin at a point in and near the center of said city of Denison, and run from said point in a westerly direction to the west line of said city, meandering in a general westerly and southerly direction. And said road shall also from said beginning point run in an easterly direction to the eastern or southern corporate line of said city, and from said corporate line meandering through the eastern and southern suburbs in a general easterly and southerly direction. The entire length of said road to be less than ten miles."

On December 9, 1889, the city council of Denison, by ordinance, granted to A. W. Acheson and others the right of constructing, operating and maintaining a line of street railway for passenger traffic over certain streets and avenues, named in the ordinance, the cars to be operated by electric or horse power. The line was to be constructed on Skiddy street from Houston avenue to Perry avenue, and from Perry avenue west on Skiddy street to the city limits, or north on Perry avenue to Main street, and west on Main street to the city limits, or south on Perry avenue to Crawford street, and west on Crawford street to the city limits; and also from Skiddy street south on Houston avenue to Crawford street, and thence by the most practicable route over and across the M., K. & T. and H. & T. C. railways, and from said point or crossing to the eastern or southern limits of the city. It being the intent and meaning of this ordinance to grant to said company one and only one continuous line of street railway through the city.

In April, 1890, plaintiff in error had acquired by assignment the rights granted to Acheson and associates by the ordinance above mentioned, and had built the line on Skiddy street from Houston avenue west to Perry avenue.

March 27, 1890, the city council of Denison granted to A. W. Acheson and associates the right to construct, maintain and operate a street railway along and upon such parts of Houston avenue as were not previously granted by franchise, cars to be operated by electricity or animal power; the business to be limited to carrying passengers only. Acheson and associates assigned to plaintiff in error their rights under this ordinance. On the night of March 27, 1890, the night upon which the resolution granting them the right to begin work on Houston avenue was passed, they laid a few rails in the avenue north of Main street. These were taken up and thrown aside by defendant when it constructed its line on Houston avenue, which was during the summer of 1890. The end of the Skiddy street track of plaintiff in error, at the

intersection of Skiddy street and Houston avenue, was turned north; and also at the same point was turned south on Houston avenue, 200 or 300 feet from Skiddy street, to the M., K. & T. railway tracks. Skiddy street was the first street south of Main street, both of which ran east and west, intersecting Houston avenue, which ran north and south.

All the various ordinances granting to plaintiff or defendant the right to construct, limited them to the center of the street. The value of the work and material of the rails laid in Houston avenue north of Main street and torn up by defendant was about $50. There were only a few rails laid on Houston avenue by plaintiff; they were placed there merely to indicate its occupancy of the street, and not for immediate use. The rails were not used or destroyed by defendant, but were merely removed from the street.

Defendant in error claimed its right to construct the track in Houston avenue, as assignee of rights granted to Scott and Youree by ordinances of the city council of Denison, which were made a part of plaintiff's petition, as exhibits "A" and "B." These ordinances granted to Scott and Youree, and their assigns, the right of constructing, maintaining and operating for fifty years a street railway in the city of Denison. The second section of the ordinance, which defined the lines authorized to be constructed, was as follows: "Said railway to be built, commencing at a point on Main street most accessible to the passenger depot, and shall extend west along Main street as far as Armstrong avenue, and thence on any street or avenue in the city limits, and shall also have the right to extend their track from the point of commencement herein specified on any street east of the Missouri Pacific and H. & T. C. railway, within the city limits, and to have two branches and extensions, one leaving Main street on the north and the other on the south, and running thence in any direction upon such streets or avenues as may be selected by the said Scott, Youree and Scott, or their assigns, to any point within the city limits, and said railway shall also have the privilege of crossing any bridges or railroad tracks located on streets within this grant. And said Scott, Youree and Scott, or assigns, shall file with the mayor of the city a written notice upon what streets or avenues they propose to construct either main lines or extensions at least ten days before commencing such construction."

In compliance with this ordinance Scott, Youree & Scott, who were the assignors of defendants, constructed the line of railway from a point on Main street, near the union depot, westward along Main street as far as Armstrong avenue; thence still westward on Main street to Tone avenue; and also a line from Main street south on Mirick avenue to the city limits; and thereafter one Walterhouse, an assignee of Scott, Youree & Scott, constructed a line north from Main street on Tone avenue to Sears street, and thereafter defendant, assignee of said Walterhouse, continued the construction of this railway on Tone avenue to Bond street, and thereafter, in the spring of 1890, defendant gave notice in writing to the city council of its intention to

extend its line of railway along Bond street over various streets and avenues of the city of Denison to Houston avenue; thence on Houston avenue to Main street; whereupon the city council refused to grant the permission to defendant to build a line of railway on Houston avenue as requested, and caused the city secretary to serve written notice upon defendant to the effect that the city refused to grant such permission; but defendant built its line of railway, notwithstanding the refusal upon the part of the city council.

The ordinance authorizing the construction by Acheson and others upon Houston avenue was passed March 27, 1890, and was accepted March 29, 1890. The notice by defendant in error of its intention to extend its line over Houston avenue was dated March 17, 1890. It was presented to the city council on March 19, 1890. After this notice was given, the city council passed the resolution authorizing Acheson and associates to begin work at once on Houston avenue, in anticipation of the passage of their ordinance, and refusing to recognize the right of defendant in error to build on that avenue under its notice.

*Opinion.*—There is no assignment of error bringing in review the verdict of the jury upon the issue of damages submitted by the court. Whether the defendant in error became liable in damages for removing from Houston avenue the rails laid therein by plaintiff in error, is, therefore, not a question for consideration. The pleadings and evidence show that this question was purely collateral, treated with little importance on the trial in the court below, and is entirely pretermitted in the assignments of error presented to us.

The issue in the case, as tried in the court below, and as presented here, is the right of the plaintiff in error to construct and operate a street railway in Houston avenue, north of Main street, and to expel the defendant in error from said street, in order that it may exercise that privilege. The affirmative of this issue was with the plaintiff in the court below (plaintiff in error here) and it was necessary to its success in the suit, that it should be made to appear that it possessed that right, and was wrongfully prevented from exercising it by defendant.

The plaintiff showed authority from the city of Denison to Acheson and associates to construct, maintain and operate a street railway along and upon such parts of Houston avenue as were not previously granted by franchise, cars to be operated by electricity or animal power, the business to be limited to carrying passengers only. And further showed that it had purchased the franchise from Acheson and associates. This privilege was confined to the center of the street, and at the time this suit was filed the defendant occupied the center of the street with its electric railway, thereby preventing plaintiff from constructing its line along that part of Houston avenue. So far as the right of the city to permit such a use of the street was involved, the plaintiff showed itself entitled to the privilege. But it was contended by the defendant, and held by the trial court, that the charter of the plaintiff was such that it

could not lawfully build and operate its line on Houston avenue, north of Main street. The first assignment of error raises this question upon objection to the introduction of evidence. We quote the assignment: "The court erred in permitting the defendant to introduce plaintiff's charter of incorporation in evidence over plaintiff's objection, because there being no denial of the due incorporation of plaintiff, such evidence could only go to the issue of ultra vires, which could not be properly raised in this case, and because such evidence was irrelevant and immaterial to any issue in the case, and to which action of the court plaintiff duly excepted, as evidenced by its bill of exceptions."

The undisputed evidence showed that the line purchased and operated by plaintiff was along Skiddy street; that Skiddy street is south of Main street, and that the portion of Houston avenue in dispute is north of Main street. Article 2 of plaintiff's charter fixes the course of the line thereby authorized, as follows: "Said suburban railroad shall begin at a point in and near the center of said city of Denison, and run from said point in a westerly direction to the west line of said city, thence through the western and southern suburbs of said city, meandering in a general westerly and southerly direction. And said road shall also from said beginning point run in an easterly direction to the eastern or southern corporate line of said city, and from said corporate line meandering through the eastern and southern suburbs in a general easterly and southerly direction. The entire length of said road to be less than ten miles."

The part of Houston avenue upon which plaintiff seeks the right to construct its extension of the Skiddy street line, is north of that line, while its charter requires it to go in a southerly direction.

If the Skiddy street line is owned and operated by virtue of this charter, then its extensions must conform to the charter requirements.

That it is owned and operated, can hardly be questioned. All the power to own and operate any line which the company possesses is derived from its charter.

"The power of the company to determine its location, when once exercised, is exhausted. It may have a discretion as to its termini or the selection of its intermediate points, or its route between certain fixed points, but having exercised the discretion, it can not change the location without legislative authority. This is in accordance with the ancient rule of the common law, that 'if a man once determines his election, it shall be determined forever.'" Pierce on Railroads, 254. The contention of the plaintiff that the defendant could not raise this issue is not well founded. Had the plaintiff company already constructed its road on Houston avenue, and its operation was being interfered with by the defendant company, and this action was to prevent such invasion of its property, the proposition might be urged with force. It is not a question of disturbing a privilege already exercised by permission of the city; but it is a question of whether it should be permitted to expel another company from the use of the street in order that it may exercise

that right. There is no principle of equity involved which would shut the door of inquiry to its legal right to the use of the street. Its right to relief against the defendant company does not depend upon equitable considerations, but rests upon its legal right to use the center of the street, to the exclusion of the defendant company. As a corporation, it can do only that which its charter permits. It has no right under a charter authorizing a line running in a southerly direction, to construct and operate a line running in a northerly direction. If it does not possess the right under its charter to run its line in a northerly direction, then it has no legal right to the use of Houston avenue north of Main street, and the defendant company has not invaded its rights and privileges. It must be legally entitled to the exercise of the privilege claimed, before it can oust another from its exercise, or recover damages for being prevented from its use. Floxam v. Rice, 65 Texas, 430. We think the evidence was properly admitted.

The same question is presented in objections to the charge of the court. We think the court correctly charged the jury that plaintiff company had no right to extend its line into Houston avenue north of Main street, by reason of the terms of its charter.

It is unnecessary to discuss other phases of the case. We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered September 14, 1895.